**FLIGHT ENGINEERS INTERNATIONAL ASSOCIATION, EAL CHAPTER, Appellant,**

v.

**EASTERN AIR LINES, INC., et al., Appellees.**

No. 19004.

United States Court of Appeals
Fifth Circuit.

March 30, 1962.

Richard H. M. Swann, Holladay & Swann, Miami, Fla., for appellant.

Charles M. Moon, Miami, Fla., W. Glen Harlan, Atlanta, Ga., Edward F. Boardman, U. S. Atty., Lloyd G. Bates, Jr., Alfred E. Sapp, Asst. U. S. Attys., Miami, Fla., for appellees.

Before RIVES, JONES and GEWIN, Circuit Judges.

RIVES, Circuit Judge.

This appeal is from an order holding Flight Engineers International Association, EAL Chapter in contempt and imposing upon it a fine of $25,000.00. The action was originated by a complaint filed by Eastern Air Lines, Inc., against Flight Engineers International Association, EAL Chapter and others, alleging that the defendants had called and were engaging in a strike or work stoppage of flight engineers at Eastern's Miami base and at its other bases, and that said strike or work stoppage is unlawful as a violation of the Railway Labor Act, 45 U.S.C.A. § 151 et seq. The complaint prayed that the defendants be enjoined from calling or participating in the work stoppage, be ordered to rescind any instructions calling or sanctioning the work stoppage and to give notice to employees that there is no work stoppage against Eastern.

On the same day on which the complaint was filed, February 18, 1961, the district court issued a temporary restraining order, ex parte and without notice as prayed in the complaint, and set the matter down for further hearing on February 23. On motion of the plaintiff, Eastern Air Lines, an order to show cause why Flight Engineers International Association, EAL Chapter should not be adjudged in contempt for violation of the restraining order of February 18, was issued on February 20, returnable February 21, and two similar orders to show cause were issued on February 23, returnable respectively on that same day and on the next day, February 24. On February 23, the district court extended the temporary restraining order for a period of ten days.

On February 24, counsel for the plaintiff, Eastern Air Lines, Inc., advised the

court, "that this contempt ceased as of yesterday evening." The judge responded that defendants' counsel had told him about it "and I was very happy to get the news. But that doesn't purge them from whatever they did before." Eastern's counsel further stated to the court:

"Your Honor, as was pointed out to you yesterday, Mr. Goldberg and the President have asked the airlines to enter into this agreement with the various unions to end the strike. We had a national crisis which affected not only the Miami area and the area served by Eastern, but the entire country; and in view of that, Eastern did enter into an agreement that it would seek no reprisals, and Eastern is not at this time pushing any contempt proceedings or any other action."

Further along in the hearing of February 24, the court stated: "I am going to hold the Flight Engineers of the EAL Chapter in contempt of this Court for disobedience of its order, and I will consider what action I shall take, and will probably set it down for another hearing." The hearing concluded with the court's direction to the United States Attorney, "I want you to report to me any criminal contempt in this case."

On March 3, the defendant, Flight Engineers International Association, EAL Chapter filed a motion to dissolve the temporary restraining order and to dismiss the complaint for the following reasons:

"That the relief sought to be accomplished by the temporary restraining order has become moot in that plaintiff has resumed its operation and that all Flight Engineers belonging to the Flight Engineers International Association, EAL Chapter, together with those Flight Engineers not belonging to said Association, have resumed work.

"That plaintiff, Eastern Air Lines, Inc., has advised this Honorable Court, through its counsel, that it is not desirous of proceeding with this action."

On March 6, a certified public accountant whom the court had requested to examine the books and records of Flight Engineers International Association, EAL Chapter, filed his report showing its financial condition and that it held a C.I.T. Note of the face value of $25,817.17.

On March 9, a written stipulation was entered into between the attorneys for plaintiff and for defendants, which was filed on March 10 and which stipulates:

"1. That plaintiff has resumed complete operations of its airline.

"2. That all Flight Engineers, including defendants, have returned to work for the plaintiff, and began to return to work on or about February 23, 1961, at approximately 4:00 o'clock P.M.

"3. That a presidential commission was established by executive order of the President of the United States of America on February 21, 1961, to 'consider differences that have arisen regarding the performance of the flight engineer's function, the job security of employees performing such function and related representation rights of the unions, namely, the Flight Engineers International Association and the Air Line Pilots Association' on certain airlines, among which is the plaintiff.

"It is, therefore, agreed as follows:

"1. That the temporary restraining order issued by this Court on February 18, 1961 and extended by order of this Court on February 23, 1961 and extended by order of this Court on February (sic) 3, 1961 for ten days, shall be allowed and permitted to lapse on the date provided therein.

"2. That any hearing on a request for a preliminary injunction shall be set down for an early hearing upon motion made by the plaintiff and upon good cause being shown for such early hearing.

"3. That notice of said motion may be served by leaving a copy at the office of the defendant's attorney or by serving defendant's attorney or by serving one of the named defendants, such notice to be binding on all the defendants, excepting the Flight Engineers International Association."

In the same civil action, the district court on March 10, 1961, entered the order from which this appeal is prosecuted. The order is captioned: "ORDER IN CIVIL CONTEMPT PROCEEDINGS AGAINST FLIGHT ENGINEERS' INTERNATIONAL ASSOCIATION, EAL CHAPTER." The order provides:

"This matter having come on before the Court for hearing, and the Court having heretofore on February 24, 1961, adjudged the Flight Engineers International Association, EAL Chapter, to be guilty of a civil contempt of this Court, after having taken testimony and heard argument of counsel for the defendant-respondents, and the Court having heard further testimony on the financial condition of the respondent does find,

"That the Flight Engineers International Association, EAL Chapter, committed a contempt of this Court by its intentional violation of the provisions of this Court's Order of February 18, 1961 by participation in a concerted work stoppage which, in addition to demonstrating a complete contemptuous disregard for the authority of the Federal Court, caused severe pecuniary loss to the plaintiff in this case and many other directly affected corporations and individuals aggregating a great many times over the amount herein imposed as a penalty upon the contemnor, of which latter fact this Court takes judicial knowledge and it is, thereupon,

"Ordered and Adjudged that a fine in the amount of Twenty-Five Thousand Dollars ($25,000.00) is hereby imposed upon the Flight Engineers International Association, EAL Chapter, and the officers of said respondent-contemnor are hereby directed to make payment of said sum to the Clerk of this Court on or before March 31, 1961. This Court in imposing this fine takes notice that the financial status of the contemnor is such as not to permit payment of a larger amount which would otherwise be amply warranted.

"Ordered and Adjudged that nothing in this Order shall be considered to fully adjudicate this matter or to purge the contemnors, other defendants, or other persons of any contempt of this Court, and this Court specifically reserves jurisdiction of this matter for the purpose of imposing such further penalties upon the respondents herein or making such other and further orders and actions as it deems proper in the premises, including but not limited to further civil and, or, criminal contempt proceedings."

In its assignment of errors, the appellant insists that: (1) there was no evidence of contempt before the court; (2) the plaintiff had withdrawn its motion for contempt against appellant and had so informed the court; (3) there was no evidence before the court showing loss or damages suffered by plaintiff; (4) the proceedings were punitive in nature, and for an alleged past offense; (5) the temporary restraining order had expired prior to the contempt order of March 10, 1961.

The appellee, Eastern Air Lines, has entered no appearance to defend this appeal. The district court ordered that the United States Attorney be appointed "Special Counsel of this Court for the purpose of representing this Court in the aforesaid appeal." Pursuant to that appointment, the United States Attorney has filed a brief on behalf of the district court and has presented oral argument upon the appeal.

Without ruling on other contentions, we think it plain that this order cannot be sustained as the result of proceedings

for civil contempt, instituted, entitled, tried, and treated as a part of the main case between the original parties. The fine imposed was not relief of a coercive nature but was solely punitive. Cf. Penfield Co. of Cal. v. S. E. C., 1947, 330 U.S. 585, 593, 67 S.Ct. 918, 91 L.Ed. 1117. The appellant may properly be punished only in a proceeding instituted and tried as for criminal contempt. Gompers v. Buck's Stove & Range Co., 1911, 221 U.S. 418, 444, 31 S.Ct. 492, 55 L.Ed. 797.

Rule 42 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., provides that a criminal contempt not committed in the actual presence of the court shall be prosecuted on notice and "the notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and describe it as such." A note of the Advisory Committee on Rules states:

> "2. The requirement in the second sentence that the notice shall describe the criminal contempt as such is intended to obviate the frequent confusion between criminal and civil contempt proceedings and follows the suggestion made in McCann v. New York Stock Exchange, 80 F.2d 211, C.C.A.2d. See, also, Nye v. United States, 61 S.Ct. 810, 313 U.S. 33, 42–43, 85 L.Ed. 1172." 18 U.S.C.A. at p. 292.

Instead of describing the present proceedings as for criminal contempt, the court labeled its final order consistent with all previous proceedings as "ORDER IN CIVIL CONTEMPT PROCEEDINGS". The defendant was never made aware that a criminal contempt was charged. See United States v. United Mine Workers, 1947, 330 U.S. 258, 297, 67 S.Ct. 677, 91 L.Ed. 884.

What was said in Gompers v. Buck's Stove & Range Co., supra, is controlling here:

> "When the main case was settled, every proceeding which was depend-ent on it, or a part of it, was also necessarily settled—of course without prejudice to the power and right of the court to punish for contempt by proper proceedings. Worden v. Searls, 121 U.S. [14] 27 [7 S.Ct. 814, 30 L.Ed. 853]. If this had been a separate and independent proceeding at law for criminal contempt, to vindicate the authority of the court, with the public on one side and the defendants on the other, it could not, in any way, have been affected by any settlement which the parties to the equity cause made in their private litigation.

> "But, as we have shown, this was a proceeding in equity for civil contempt where the only remedial relief possible was a fine payable to the complainant. The company prayed 'for such relief as the nature of its case may require,' and when the main cause was terminated by a settlement of all differences between the parties, the complainant did not require and was not entitled to any compensation or relief of any other character. The present proceeding necessarily ended with the settlement of the main cause of which it is a part. Bessette v. [W. B.] Conkey [Co.], 194 U.S. [324] 328, 333 [24 S.Ct. 665, 48 L.Ed. 997]; Worden v. Searls, 121 U.S. [14] 27 [24 S.Ct. 665, 48 L.Ed. 997]; State v. Nathans, 49 S.Car. [199] 207 [27 S.E. 52]. The criminal sentences imposed in the civil case, therefore, should be set aside." 221 U.S. at pp. 451, 452, 31 S.Ct. at p. 502.

The judgment of the district court is therefore reversed and the cause remanded with direction that the contempt proceeding instituted on the motion of Eastern Air Lines, Inc., be dismissed, but without prejudice to the power and right of the district court to punish by a proper proceeding, contempt, if any, committed against it.

Reversed and remanded.