Carol Beth HOOG (now Stitt),

v.

Joseph A. HOOG, Appellant,

David Strauss, and Betty Strauss, Respondents.

No. 36770.

Missouri Court of Appeals, St. Louis District, Division Three.

Aug. 31, 1976.

Motion for Rehearing and for Transfer to Supreme Court Denied Dec. 20, 1976.

Application to Transfer Denied Feb. 14, 1977.

W. W. Sleater, Clayton, for appellant.

Michael W. Dunlop, St. Louis, for respondents.

PER CURIAM.

This is an appeal by appellant, Joseph A. Hoog, from two separate rulings of the Circuit Court of St. Louis County declining to cite respondents, David Strauss and Betty Strauss, for contempt of court. For reasons hereinafter stated, we affirm.

Prior to November 9, 1972, Carol Beth Hoog (now Stitt)[1] and Joseph A. Hoog had been married. There was one child, Catherine Marie, born of the marriage. On November 6, 1970, Carol Beth Hoog, by Betty Strauss, her next friend and mother, instituted suit for divorce against Joseph Hoog. On November 9, 1972, the marriage was dissolved, and Carol Beth was awarded primary custody of the minor child. Joseph Hoog was granted temporary custody on alternate weekends and the summer months of June and July. In addition, Mrs. Stitt was expressly prohibited, under the decree, from "removing residence of the child from St. Louis County or St. Louis City, Missouri."

On or about June 30, 1973, Mrs. Stitt, the mother, removed the child from the custody of her former husband, Joseph Hoog, and left the State of Missouri, taking the child with her. On November 9, 1973, Mr. Hoog filed in the Circuit Court of St. Louis County a "motion" requesting the court to cite Mrs. Stitt and her mother, Betty Strauss, for contempt. In his "motion" Mr. Hoog alleged (1) that on or about June 30, 1973, his former wife, Carol Beth Stitt, removed Catherine Marie from his custody and has failed to let him see the child since that date, (2) that she has removed the child from St. Louis City and County in contravention of the decree of divorce, and (3) that Betty Strauss conspired with her to remove the child from Mr. Hoog's custody and has failed and refused to reveal the whereabouts of Carol Beth Hoog (Stitt) or the child, although those facts are within her knowledge.

The trial court below issued an order to show cause why Mrs. Hoog (Stitt) and her mother, Betty Strauss, should not be held in contempt for their actions in contravention of the divorce decree. The record indicates that Mrs. Stitt could not be found in St. Louis County and could not be served with a copy of the above order. Betty Strauss was served with the "show cause" order and filed a motion to "Quash Citation for Contempt" on the grounds that Joseph Hoog failed to set forth any order of court directed to her which she has refused or failed to obey and that Mr. Hoog failed to allege facts upon which she could be held in contempt. No further action was taken on these motions until November 1, 1974, when the Circuit Court of St. Louis County issued an order and set the date for the hearing on the contempt motions for November 26, 1974.

But, prior to November 1, 1974, Mr. Hoog located his former wife, Mrs. Stitt, and the

1. For clarity, Mrs. Hoog will hereinafter be referred to as Mrs. Stitt. It is not evident from the record when Mrs. Hoog became Mrs. Stitt.

child living in Kentucky and instituted proceedings in the Jefferson Circuit Court, Chancery Branch, in Kentucky seeking immediate custody of the child. Both parties appeared in person and with counsel, and after a hearing the parties entered into an agreement in Kentucky. The agreement was incorporated into an order issued by the Jefferson Circuit Court, dated October 31, 1974. Pursuant to this "order," Mrs. Stitt entered her appearance generally before the Circuit Court of St. Louis County for the purpose of all motions pending before that court, both parties acknowledging that that is the proper forum for contempt, change of custody and visitation and support rights. Mrs. Stitt also agreed to post and did post a $1,000 bond with the Receiver of the Jefferson Circuit Court to assure that the child would be produced before the St. Louis County Circuit Court for the November 26, 1974 hearing. Furthermore, as part of the Kentucky order, David Strauss, Mrs. Stitt's brother and an attorney at law in Missouri, would immediately take custody of the minor child and keep her in Missouri, "subject to further Order" of the St. Louis County Circuit Court.

The day following the Jefferson County Circuit Court order and on November 1, 1974, the Circuit Court of St. Louis County issued its order aforesaid, which provided that:

> "It is hereby ordered that Carol Beth Hoog (now Stitt) shall retain full care and custody of Catherine Marie Hoog until further order on Nov. 26th, 1974."

Mr. Hoog thereupon sought to vacate the November 1, 1974 order of the Circuit Court of St. Louis County by filing with that court a motion to "set aside" the order as being beyond the jurisdiction of the court and alleged that the order was obtained ex parte and without notice to Mr. Hoog or his attorney, that it was obtained "by gross misrepresentation to and fraud and deceit upon the Court" and that it was used to prevent Mr. Hoog from exercising his temporary custody rights as granted by the divorce decree. There is no indication in the record that any further action was ever

taken regarding this motion. Mr. Hoog then filed a motion seeking to abate all child support accruing after June 30, 1973 and for damages against Mrs. Stitt, Betty Strauss and David Strauss, which motion was to be presented to the court at the November 26, 1974 hearing.

On or about November 4, 1974, Mr. Hoog also filed an "application" for an order to show cause why David Strauss, Mrs. Stitt's brother, should not be held in contempt of court. In this "application," Mr. Hoog alleged that he was awarded temporary custody by the "decree of divorce," that Mr. Strauss appeared before the trial court ex parte and obtained the November 1 order by misrepresentation, that the order deprived him of his rights of temporary custody and that Strauss advised Mrs. Stitt to remove the child from the state. He prayed for an order to show cause why David Strauss should not be held in contempt.

Finally, on November 26, a hearing on the contempt citations was held. Evidence was adduced from Carol Beth Stitt and David Strauss surrounding the obtaining of the November 1, 1974 order and the subsequent return of Mrs. Stitt and the child to Kentucky pending the hearing. Mrs. Betty Strauss did not testify at the hearing. At the close of the evidence, the court entered an order that the "citation" against David Strauss be "quashed" and took the motion of Betty Strauss to quash under submission. On December 3, 1974, the motion of Betty Strauss to quash the citation for contempt was sustained.

Mr. Hoog filed his notice of appeal from these adverse rulings of the circuit court. While the appeal was pending, respondent Betty Strauss filed with this court a "Motion for Damages for Frivolous Appeal." This motion was taken with the case.

Appellant essentially raises two points of error on this appeal: (1) that the trial court "abused its discretion in quashing the Citation for Contempt against David Strauss," and (2) that the trial court "abused its discretion in sustaining Betty Strauss' Motion to Quash her contempt citation without

hearing evidence on the matters," or, in the alternative, that the court erred "in failing to give Joseph A. Hoog leave to amend before sustaining" the motion to quash said citation.

In his first point, Mr. Hoog contends in essence that David Strauss committed civil contempt[2] by appearing before the circuit court "ex parte" on November 1, 1974, and there obtaining the court's order by "misrepresentation" and "fraud" upon the court while at all times "intending" to deprive him of substantial rights known to be granted to him by the decree of divorce and by so using the order once obtained.[3] After reviewing the record, we find this point to be without merit.

From the evidence adduced at the hearing on the motions, it appears that David Strauss was contacted by telephone from Kentucky by his sister, Carol Beth Stitt, and was asked to assist in the custody matter before the Jefferson Circuit Court in Kentucky by agreeing to take custody of Catherine Marie pending further order of the St. Louis County Circuit Court. David Strauss agreed to take custody, and Catherine Marie was returned to Missouri on or about October 31, 1974. On November 1, 1974, an order was entered by the Circuit Court of St. Louis County giving Carol Beth Stitt "full care and custody" of Catherine Marie until further order on November 26, 1974. Joseph Hoog appeared at the home of Betty Strauss, where Catherine Marie was staying on the evening of November 1, 1974, intending to take custody of Catherine Marie as per the 1972 divorce decree. Joseph had a copy of the divorce decree with him which he identified to David Strauss, who was present. David Strauss presented defendant with a copy of the St. Louis County Circuit Court order that he had obtained earlier that day and refused to allow Joseph to take custody of Catherine Marie. Catherine Marie was returned to Kentucky later that evening.

The purpose of a "civil contempt" proceeding is to preserve and enforce private rights created in a party litigant by court action by compelling obedience to a judgment or decree intended to benefit such a private party. *Teefey v. Teefey*, 533 S.W.2d 563, 566 (Mo.banc 1976); *Frankel v. Moskovitz*, 503 S.W.2d 428, 432 (Mo.App. 1973); § 511.340, RSMo 1969, V.A.M.S.; Supreme Court Rule 74.33, V.A.M.R. The real party in interest in a civil contempt proceeding is the party litigant whose rights are claimed to have been violated. *Jafarian-Kerman v. Jafarian-Kerman*, 424 S.W.2d 333, 341 (Mo.App.1967).

A motion for civil contempt is addressed to the sound discretion of the trial court, and the reviewing court will not disturb such a judgment in the absence of a clear abuse of discretion. *Clark v. Francis B. Freeman Const. Co., Inc.*, 535 S.W.2d 531, 533 (Mo.App.1976); *Fulton v. Fulton*, 528 S.W.2d 146, 157 (Mo.App.1975).

David Strauss testified at the hearing that he was unaware of the decree provisions creating custody rights in Mr. Hoog at the time he obtained the trial court's order on November 1, 1974. He acknowledged that Joseph Hoog informed him of the decree provisions later on that date when the latter appeared at Betty Strauss' house to take custody of Catherine Marie. David Strauss further testified that his actions on behalf of Mrs. Stitt in procuring the court order were intended to facilitate the return of Catherine Marie to school in Kentucky while at the same time complying with the "agreed order" issued by the Kentucky court and were never intended to "form any fraud on the court."

Under such circumstances, we defer to the trial court's opportunity and ability to judge the credibility of the witnesses. On the basis of the record, we cannot say that the trial court abused its discretion in

---

**2.** At the hearing appellant Mr. Hoog conceded that the action sought against David Strauss was for civil contempt rather than criminal for the part he allegedly took in frustrating defend-

ant's rights of temporary custody under the divorce decree.

**3.** Respondent David Strauss failed to file a brief in this cause.

quashing the application to cite David Strauss for contempt, and accordingly we rule this point against appellant. *Clark v. Francis B. Freeman Const. Co., Inc.,* supra; *Fulton v. Fulton,* supra.[4]

■ Appellant's second point is akin to his first point. He contends that the trial court erred in sustaining Betty Strauss' motion to quash his motion for contempt citation "without hearing evidence on the matters." In the alternative, appellant contends that the trial court should have granted him "leave to amend"[5] before sustaining respondent's motion to quash. Appellant, in his motion to cite Betty Strauss for contempt, alleged that Betty Strauss "did conspire with the plaintiff [Carol Beth]" to remove Catherine Marie from his custody and from the State of Missouri and "failed and refused to reveal" the whereabouts of Carol Beth or Catherine Marie, although she at all times knew their location. Appellant failed to allege facts which, if found to be true, would show a conspiracy to violate some right flowing to appellant by virtue of the original divorce decree. See *Middleton v. Tozer,* 259 S.W.2d 80 (Mo.App.1953). Furthermore, there is no indication in the record, nor does appellant allege in his brief on appeal, that he attempted to introduce evidence on the matter. The matter was called, argued and submitted before the trial court on November 26, 1974. It does not appear from the record that appellant attempted to "amend" or sought "leave to amend" his motion. In any event, at this stage of the proceedings it was within the discretion of the trial court to permit an amendment.

We find no abuse of discretion in sustaining the motion to quash the contempt citation as it relates to Betty Strauss and accordingly rule this second point against appellant.

■ Lastly, we turn to respondent Betty Strauss' motion for damages for frivolous appeal filed pursuant to Rule 84.19, V.A. M.S. We have given due consideration to this motion as presented and find that appellant's point on appeal relating to respondent Betty Strauss, although misperceived, does not appear to have been vexatiously or disingenuously pursued. *Brooks v. General Motors Assembly Division,* 527 S.W.2d 50, 53 (Mo.App.1975); *Means v. Sears Roebuck & Co.,* (No. 39,937, Mo.App., April 13, 1976). Accordingly, we overrule respondent's motion.

We have read the transcript on appeal and reviewed the briefs of the parties and the authorities relied upon, and, finding no error, we affirm the judgment of the circuit court.

The judgment is affirmed.

All the Judges concur.

---

4. Although a motion was made to cite Mrs. Stitt for contempt, the hearing did not deal with any contempt by Mrs. Stitt, and the record does not show that any order was made concerning her.

5. Appellant analogizes his "motion for contempt citation" to a pleading in a civil action and Betty Strauss' motion to quash to a motion to dismiss.