**In re Application of Kathryn M. WELLING to Quash Subpoena.**

**No. 99 Misc. 8–85.**

United States District Court, S.D. New York.

April 1, 1999.

Mitchell A. Karlan, Sue J. Nam, Gibson, Dunn & Crutcher LLP, for Movant.

Helen L. Duncan, Stephen H. Orel; Leboeuf, Lamb, Greene & MacRae, L.L.P., for Biomune Systems, Inc.

### MEMORANDUM OPINION

KAPLAN, District Judge.

This unusual application is a motion by a non-party witness who has been subpoe-

naed to give evidence in a private civil action to hold herself in contempt of court, but not to impose any penalty upon herself, for the stated purpose of attempting to transform a concededly non-appealable order denying her motion to quash the subpoena into an order appealable as of right. The Court concludes that this is an inappropriate and, in any case, deficient attempt to evade the finality rule and denies the motion.

### Facts

Plaintiff Roman Sterlin commenced a purported class action in the United States District Court for the District of Utah, Central Division, against Biomune Systems, Inc. ("Biomune") and others for alleged securities fraud.[1] The details of the case are immaterial for present purposes. Suffice it to say that the movant, Kathryn Welling, was an associate editor of the Dow Jones publication, *Barron's,* and wrote an article that prompted counsel in the *Biomune* case to conclude that she might have relevant evidence. After considerable difficulty, they succeeded in serving Ms. Welling with a subpoena issued by this Court. The subpoena called upon Ms. Welling to produce certain documents and to testify at a deposition on January 26, 1999. The parties then continued the return date of the subpoena without date to permit Ms. Welling to file a motion to quash.[2]

On February 5, 1999, Ms. Welling moved to quash the subpoena, arguing that (1) it seeks information that is irrelevant to the *Biomune* action, (2) compliance would be unduly burdensome,[3] and (3) the subpoena seeks materials that should be subject to a qualified reporters' privilege, either under the First Amendment or federal common law, against the disclosure of unpublished, non-confidential materials.[4] On March 15, 1999, Judge Baer, sitting in Part I, denied Ms. Welling's motion to quash in a bench ruling. He indicated his view that the materials sought are discoverable, that the delays perpetrated by Ms. Welling and her counsel were "unconscionable,"[5] and that he probably would have granted an application for costs if one had been made. He also denied Ms. Welling's motion to stay enforcement of the subpoena. Nevertheless, counsel conceded at oral argument that no new return date has been set following Judge Baer's order. In consequence, Ms. Welling has not yet failed to comply with the subpoena.

On March 17, 1999, two days after Judge Baer denied Ms. Welling's motion, her counsel, who represents her employer Dow Jones as well, informed Biomune's attorneys that Ms. Welling had left Dow Jones' employ on March 10, 1999, that the documents in question remained in Dow Jones' possession, and that the subpoena served upon Ms. Welling therefore no longer reached the documents. It appears that these facts were not disclosed to Judge Baer at the time the motion to quash was before him although their existence arguably mooted part of the motion to quash.

On March 25, 1999, Ms. Welling filed the present motion by which she seeks an order "holding [her] in contempt for non-compliance with the Court's March 15, 1999 oral order denying her motion to quash, so that Ms. Welling may appeal the issues associated with the order; and (b) directing that sanctions not be imposed on

---

1. *Sterlin v. Biomune Systems, Inc.,* 960 F.Supp. 1531 (D.Utah 1997).

2. Duncan Decl., Feb. 7, 1999, ¶¶ 9–12.

3. No colorable showing of burden was made. Indeed, Ms. Welling swore that there are "relatively few documents" at issue here. Welling Decl., Feb. 19, 1999, ¶ 4.

4. This assertion already has been rejected in another case by the Second Circuit. *Gonzales v. Nat'l Broadcasting Co.,* 155 F.3d 618 (2d Cir.1998). A petition for rehearing is pending.

5. Ms. Welling appears to have sought to evade service and then repeatedly sought adjournments. Duncan Decl., Feb. 7, 1999, ¶¶ 4–12.

Ms. Welling for such contempt." The point of the application, of course, is that Judge Baer's order denying the motion to quash is not appealable as of right, whereas Ms. Welling's counsel believes that a contempt citation would be appealable. Biomune opposes the application to the extent that it seeks to have Ms. Welling excused from the imposition of sanctions for contempt. Ms. Welling contends that she is entitled to a hearing on the issue of sanctions if the Court decides that sanctions should or must be imposed.

## Discussion

■ Certainly the specter of a putative contemnor seeking the adjudication of her own contempt is unusual. It perhaps therefore is not surprising that there are serious problems with the application, the object of which obviously is to promote an appellate test case of a legal proposition rather than to achieve the usual purposes of contempt motions.

The first difficulty is that there is no basis whatsoever for holding Ms. Welling in contempt of Judge Baer's order. Contempt, insofar as is relevant here, is "[d]isobedience or resistance to [a court's] lawful writ, process, order, rule, decree, or command."[6] Judge Baer's order did not require Ms. Welling to do or abstain from doing anything.[7] It merely declined to quash the subpoena. Hence, Ms. Welling is not in contempt of that order. Counsel conceded as much during argument.

■ To be sure, disobedience of a subpoena, in appropriate circumstances, is punishable by contempt.[8] But there is no basis at this stage for concluding that Ms. Welling is in contempt of the subpoena either. The continued return date—the time for compliance—has not yet been fixed, much less passed. Ms. Welling, despite her counsel's contrary protestations, may change her mind by the time any new return date arrives, a possibility that makes any contempt adjudication at this point an advisory opinion. Furthermore, in light of her counsel's advice that Ms. Welling left Dow Jones on March 10 and that the papers in question remain in Dow Jones' possession, Ms. Welling may not be in a position to comply with the *duces tecum* aspect of the subpoena at the time when compliance is required, which may well constitute a defense to a charge of contempt based on non-production of the documents. Moreover, it is far from clear that Ms. Welling has any memory of the events about which she might be questioned if she appears for her deposition.[9] If she has no recollection, the question whether she has a privilege to refuse to disclose the information Biomune seeks would be entirely academic. Thus, even if the Court were to treat the motion as one to hold Ms. Welling in contempt of the subpoena, the motion would be one improperly seeking an advisory ruling on a hypothetical set of facts. And there is yet another basic difficulty with Ms. Welling's motion.

Civil contempt is a remedy designed "to protect the rights of parties to the litigation or someone who has a pecuniary interest in the subject matter of the injunction"

---

6. 18 U.S.C. § 401(3).

7. Doubtless recognizing this fact, the proposed form of order submitted by Ms. Welling on this motion contains a recital characterizing Judge Baer's order as one "denying a Motion to Quash ... and directing compliance with the non-party subpoena ..." In fact, however, the transcript of the proceedings before Judge Baer and his written order both demonstrate that he did not direct compliance with the subpoena. Tr., Mar. 15, 1999, at 8; Order, Mar. 16, 1999.

8. *E.g., Martin v. Chemical Bank*, 940 F.Supp. 56, 60 n. 1 (S.D.N.Y.1996), *aff'd*, 129 F.3d 114 (2d Cir.1997) (table); *Galella v. Onassis*, 353 F.Supp. 196, 238–39 (S.D.N.Y.1972), *aff'd and injunction modified*, 487 F.2d 986 (2d Cir. 1973).

9. *See* Welling Supp. Decl., Feb. 19, 1999, ¶¶ 2, 4; Reply memorandum in support of motion to quash subpoena, at 4.

or other court process.[10] Such contempt proceedings "must be instituted by the parties aggrieved," who "control[ ] the litigation."[11] Indeed, where the party aggrieved elects not to go forward with a civil contempt application, it has been said, the court may proceed no further.[12]

In this case, Ms. Welling is not aggrieved by her own failure to acquiesce in the ruling denying her motion to quash the subpoena. Indeed, she would not be aggrieved by her failure to comply with the subpoena should that come to pass. She therefore may not seek to enforce the order or subpoena against herself. The question whether Ms. Welling should be found in and punished for contempt of court properly will arise for decision if and when she defies the subpoena and a party allegedly aggrieved by that action moves to hold her in contempt. At that point, the matter will have been tendered to the Court by the proper party in a concrete factual setting.

### Conclusion

The pending motion is a contrived effort to circumvent the final judgment rule and to do by indirection what the appellate courts have held may not be done directly. This Court will not participate in this charade.

SO ORDERED.

---

10. 11A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2960, at 374–75 (1995).

11. *Louisiana Educ. Ass'n v. Richland Parish School Board,* 421 F.Supp. 973, 975 (E.D.La. 1976), *aff'd,* 585 F.2d 518 (5th Cir.1978); *accord, In re Magwood,* 785 F.2d 1077, 1081 (C.A.D.C.1986); *FTC v. A. McLean & Son,* 94 F.2d 802 (7th Cir.1938); *In re Paleais,* 296 F. 403, 407 (2d Cir.1924); *Public Defender Agen-*

*cy v. Superior Court,* 534 P.2d 947, 949 (Alaska 1975); *Savell v. Savell,* 213 Miss. 869, 873, 58 So.2d 41, 43 (1952); *Hoog v. Hoog,* 545 S.W.2d 303, 306 (Mo.App.1976); *Mazzella v. Sarvis,* 272 A.D. 381, 382, 71 N.Y.S.2d 122 (1st Dept.1947).

12. *See Flight Engineers Int'l Ass'n v. Eastern Air Lines, Inc.,* 301 F.2d 756, 759 (5th Cir. 1962).