# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 02-4030

In re: CONSOLIDATED INDUSTRIES CORP.,

*Debtor.*

ENODIS CORPORATION,

*Plaintiff-Appellant*,

v.

EMPLOYERS INSURANCE OF WAUSAU,

*Defendant-Appellee.*

———————

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 4:02CV50—**Allen Sharp**, *Judge*.

———————

ARGUED MAY 27, 2003—DECIDED MARCH 9, 2004

———————

Before ROVNER, DIANE P. WOOD, and WILLIAMS, *Circuit Judges*.

ROVNER, *Circuit Judge.* This case presents the odd situation of one party suing another for contempt of a bankruptcy court order to which neither was a party. Because we do not believe that appellant Enodis is the proper party to raise a contempt claim and we further do not believe that

appellee Wausau acted in contempt of the order, we affirm the dismissal of Enodis's adversary complaint.

## I.

The debtor in this Chapter 7 case is Consolidated Industries, Corp., a manufacturer of residential furnaces. Enodis owned Consolidated until it sold the debtor to William Hall in 1998. Under the terms of Hall's stock purchase agreement, Enodis continued to provide insurance for the debtor for three years after the sale, although Hall promised that either he or Consolidated would reimburse certain self-insurance and coverage costs that Enodis was obligated to pay under its insurance agreements. Consolidated guaranteed payment of these costs. Employer's Insurance of Wausau was one of Enodis's insurers.

At the time the debtor entered bankruptcy, it was the defendant in several product liability suits, including a California class-action entitled *Salah v. Consolidated Indus. Corp.*, No. CV 738376 (Cal. Sup. Ct. Santa Clara Cty). On August 14, 2000, the bankruptcy court issued an order releasing the *Salah* plaintiffs from the automatic stay subject to certain conditions, which in relevant part stated that:

> (a) Any judgment entered in favor of the Salah Class Action Plaintiffs which is not covered by insurance shall have no effect on the determination of the amount of the Salah Class Action Plaintiff's [sic] allowed claims filed in this bankruptcy.

*In re Consolidated Industries Corp.*, No. 98-40533, at 2 (Bankr. N.D. Ind. Aug. 14, 2001) (order lifting automatic stay).

By mid-2001, the *Salah* plaintiffs had negotiated a settlement with Wausau and another of Consolidated's insurers in which Wausau agreed to pay more than $1.7 million

dollars to settle the plaintiffs' claims against third parties who had sold furnaces manufactured by Consolidated. The insurers submitted the settlement to the bankruptcy court for approval, but the Trustee objected. The insurers overcame the Trustee's objection by chipping in an extra $100,000 to compensate the estate for expenses it had incurred fighting the insurers' defenses to coverage. At a hearing on November 14, 2001, the bankruptcy court approved the settlement, although the written order approving the settlement was not entered until November 23, 2001. In the settlement agreement, Wausau expressly reserved its rights to pursue "any other Persons for subrogation, contribution, contractual or other relief with respect to the sharing or reimbursement of defense fees and costs incurred under [its] Polic[y]." Enodis did not attend the hearing at which the bankruptcy court approved the settlement, nor did it object to the settlement.

Wausau quickly moved to recover the amount it paid under the settlement agreement from Enodis. On November 16, 2001, Wausau drew $500,000 on a letter of credit set up under the insurance agreement to secure Enodis's payment of self-insured retention expenses. Wausau also has attempted to recover from Enodis the rest of what it paid in the settlement.

Enodis instituted this adversary proceeding to recover the $500,000. Enodis's complaint raised four claims to recover the $500,000 payment. Enodis claimed first that the draw violated the automatic stay; second, that Wausau's draw was in contempt of the August 14, 2000, order releasing the *Salah* plaintiffs from the automatic stay; third, that Wausau acted in contempt of the court at the November 14, 2001, hearing by not disclosing its plan to seek compensation from Enodis for the amount it paid under the settlement (which under Enodis's theory would create an administrative expense when Enodis exercised its contractual rights against Consolidated); and fourth, that Wausau

should be equitably estopped from seeking recompense from Enodis because of alleged misrepresentations Wausau made to the bankruptcy court in regard to the settlement.

Wausau moved to dismiss the complaint for failure to state a claim. The bankruptcy court held a hearing on the motion on March 13, 2002, and in an oral decision, dismissed the complaint. The court held that Enodis was not entitled to enforce the August 14, 2000 order because it was not a beneficiary of the order. It further held Wausau could not be held in contempt of the August 14 order because the order did not bind Wausau. The court found that even assuming that at the settlement hearing Wausau was wilfully silent about its intent to pursue Enodis, Wausau had not acted in contempt because it had expressly reserved its right to pursue third parties in the settlement agreement itself. The court found no duty for Wausau to speak of its plans, ruling that any expenses Enodis might try to bill to the estate would not be entitled to administrative priority. Finally, the court found that Enodis could not bring an equitable estoppel claim as a separate cause of action.

Enodis appealed, raising three arguments in the district court. First, it claimed that the bankruptcy judge had not properly evaluated the motion to dismiss. Second, it argued that Wausau had acted in contempt of the August 14 order by "duping" the trustee into violating the order, and third, Enodis argued that because it was a creditor of the debtor, it was a beneficiary of the August 14 order.

The district court rejected Enodis's arguments and affirmed. The court found that the bankruptcy court had properly evaluated the motion to dismiss, accepting Enodis's factual allegations as true. Further, the court found that the bankruptcy court was justified in judicially noticing prior documents in the main bankruptcy case. The district court then agreed with the bankruptcy court that the

August 14 order did not prohibit Wausau's actions. Enodis now appeals to this court

## II.

A Rule 12(b)(6) dismissal of an adversary complaint in bankruptcy presents an issue of law that we review *de novo*. *Boim v. Quranic Literary Inst.*, 291 F.3d 1000, 1008 (7th Cir. 2002). However, the bankruptcy court's decision in this case in large part depended on its interpretation of its own earlier orders. We will not reverse a court's interpretation of its own order unless it is a "clear abuse of discretion," because a court that issued an order is in the best position to interpret it. *In re VMS Securities Litigation*, 103 F.3d 1317, 1323 (7th Cir. 1996); *In re Mars-Winn Co., Inc.*, 103 F.3d 584, 595 (7th Cir. 1996).

As an initial matter, an adversary proceeding is not the proper vehicle to present a contempt claim, as civil contempt is a method of enforcing a court order, not an independent cause of action. *D. Patrick, Inc. v. Ford Motor Co.*, 8 F.3d 455, 459 (7th Cir. 1993). The proper vehicle to enforce a court order is a motion in the original case. *Id.* But even aside from this procedural problem, Enodis is not the proper party to assert any alleged contempt of the August 14 order. Generally, contempt claims may only be brought by the party aggrieved by the contemptuous actions. *Cf. Flight Engineers Intern. Ass'n v. Eastern Air Lines, Inc.*, 301 F.2d 756, 758-59 (5th Cir. 1962). Enodis argues that as a creditor, it has a pecuniary interest protected by the August 14 order. But the estate itself is the true party harmed by any violation of the August 14 order, and the code charges the trustee to pursue the interests of the bankruptcy estate. *See* 11 U.S.C. § 323(a). Status as a creditor is not sufficient to allow a party the right to allege contempt of an order seeking to protect the estate, particularly in a complex bankruptcy such as this. Bankruptcy law

does allow a creditor to bring a derivative claim on behalf of the estate, but only in limited circumstances. *See Fogel v. Zell*, 221 F.3d 955, 965-66 (7th Cir. 2000); *Matter of Perkins*, 902 F.2d 1254, 1258 (7th Cir. 1990). To do so, a creditor must show that the trustee has unjustifiably refused the creditor's demand to pursue a colorable claim and obtain leave from the bankruptcy court to proceed. *See Fogel*, 221 F.3d at 965. The record in this case shows that Enodis did not attempt to make the required showing, and thus it cannot enforce the August 14 order.

### III.

We do not believe, however, that a remand to the bankruptcy court for a determination of whether Enodis ought to be allowed to pursue its claims is justified, because the bankruptcy court and district court have both considered the contempt claim on the merits and found no basis for contempt of the August 14 order. The core of Enodis's contempt claim is the scope of the August 14 order. The bankruptcy court interpreted its order according to its terms and found that the only party bound by the order was the *Salah* plaintiffs. Enodis urges a far more expansive view of the order, arguing essentially that the order bars any party from creating any expense against the estate in connection with the *Salah* litigation. But the bankruptcy court is the best judge of the meaning of its own order, and we will not disturb its reasonable interpretation. *In re VMS Securities Litigation*, 103 F.3d at 1323. Wausau is not named in the order, and the bankruptcy court wisely decided not to engage in the gymnastics that would be required to make that order appear to apply to Wausau.

Enodis's claim that Wausau defrauded the court about its intent to proceed against Enodis is foreclosed by Wausau's explicit reservation of rights in the written settlement presented to the court. Wausau had vigorously litigated its

liability for the tort claims against the debtor during the bankruptcy proceedings, and its explicit reservation of rights, when viewed in light of its conduct during the bankruptcy, was sufficient notice to the bankruptcy court about its attempt to pursue Enodis for the costs it incurred under the settlement. Thus, Wausau's resort to the letter of credit did not constitute a contempt of the court.

## IV.

Enodis's final attack on the dismissal faults the bankruptcy court for making factual findings in a Rule 12(b)(6) proceeding. Enodis complains that the bankruptcy court improperly decided that had it known about Wausau's intent to draw on the letter of credit, it would nonetheless have approved the settlement. But Enodis overstates its case. Of course, a judge reviewing a motion to dismiss under Rule 12(b)(6) cannot engage in fact-finding. *See International Marketing, Ltd. v. Archer Daniels Midland Co.*, 192 F.3d 724, 730 (7th Cir. 1999). But the bankruptcy court both recognized the proper standard of review and did not engage in fact-finding. Rather, the bankruptcy court's hypothetical is just an expression of the court's opinion that the facts Enodis presented in its complaint were insufficient to establish contempt as a matter of law. Enodis's claim therefore fails.

In light of our disposition of the issues above, we need not decide whether Enodis's claims arising out of the letter of credit transaction are administrative expenses. We AFFIRM the district court's judgment.

A true Copy:

    Teste:

                     _____
                     *Clerk of the United States Court of*
                     *Appeals for the Seventh Circuit*