MEMORANDUM *
Sea Con, LLC, appeals the decision of the Bankruptcy Appellate Panel, which affirmed the bankruptcy court’s decision that an order confirming a Reorganization Plan for Seagulf Group, LLC, did not conflict with and overturn the priority provisions of the Plan. We affirm.
Washington First International Bank argues that our review of the bankruptcy court’s decision should be for abuse of discretion. See United States v. Angelini, 607 F.2d 1305, 1308 (9th Cir.1979); see also Enodis Corp. v. Employers Ins. of Wausau (In re Consol. Indus. Corp.), 360 F.3d 712, 716 (7th Cir.2004). Sea Con argues that we should apply a de novo standard of review. See Miller v. United States, 363 F.3d 999, 1003-04, 1005-06 (9th Cir.2004); Hillis Motors, Inc. v. Haw. Auto. Dealers’ Ass’n, 997 F.2d 581, 588 (9th Cir.1993). However, nothing really turns on the resolution of that dispute because on any standard of review, we agree with the BAP’s memorandum disposition filed August 8, 2003, that the bankruptcy court’s determination should be affirmed. In particular, we fully agree with part IV-B-1, pages 12-15, of that disposition.
We would add only that if the parties or the bankruptcy court had actually intended to work that sea change in the specific priority provisions carefully delineated in the Plan, we would expect it to have been done with direct and hyaline language, rather than by means of a fuliginous clause at the end of a paragraph that dealt with a single class of claimants.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.