The ESTATE OF YARON UNGAR, et al., Plaintiff-judgment creditors,

v.

The PALESTINIAN AUTHORITY et al., Defendants -judgment debtors,

and

Hatim El Gammal, Zouhair Khaliq, Non–Party Witnesses

No. 18 M 302(CM).

United States District Court, S.D. New York.

Sept. 6, 2006.

---

## DECISION AND ORDER MODIFYING MAGISTRATE JUDGE'S DECISION AND ORDER OF APRIL 19, 2006

MCMAHON, District Judge.

Before the Court is an appeal by plaintiff-judgment creditor the Estate of Yaron Ungar from an order of The Hon. Lisa Margaret Smith, dated April 19, 2006, in which the learned Magistrate Judge "modified" certain deposition subpoenas *ad testificandum* served on non-party witnesses Hatim El-Gammal and Zouhair Khaliq by "eliminat[ing] their testimonial aspect" (in effect, by quashing them), on the ground that the witnesses were more than 100 miles from the place noticed for deposition. Plaintiff-judgment creditors objects to the Magistrate Judge's ruling, on two grounds: the decision contravenes a prior order of this court refusing to quash the subpoenas, and the decision ignores the third party witnesses' failure to invoke the 100 mile rule in a timely manner.

This court modifies the Magistrate Judge's order by vacating the "modification" that, in effect, quashes the "ad testificandum" aspect of the subpoenas, and substituting therefor an order modifying the

subpoenas by requiring that the non-party witnesses respond in writing to questions propounded in an information subpoena as authorized by N.Y. C.P.L.R. 5224.

The subpoenas in question were addressed to the third party witnesses in their personal capacity and were issued and served in September 2005. The depositions were noticed for September 23, 2005.

On September 11, the third party witnesses (through Orascom, a corporate witness with which they are affiliated) timely moved to quash the subpoenas directed to them. I have obtained and reviewed a copy of the motion papers so filed. At no point in the original motion papers did anyone assert that the subpoenas should be quashed because requiring the third party witnesses to appear for deposition in New York City would violate the so-called "100 mile" rule of Fed.R.Civ.P. 45(c)(3)(A)(ii), which provides that a court "shall" quash or modify a subpoena if it requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person. The witnesses limited their argument to the lack of personal jurisdiction over them—an argument the court specifically rejected. *Estate of Ungar v. Palestinian Authority*, 400 F.Supp.2d 541, 553 (S.D.N.Y.2005)— and also argued generally that compliance with the subpoenas would unduly burden them within the meaning of Fed.R.Civ.P. 45(c)(3)(A)(iv). Rule 45(c)(3)(A)(ii) was not mentioned until the third party witnesses and Orascom filed reply papers on September 26, 2005.

In the decision declining to quash the subpoenas, this court ruled that the two witnesses had been properly served (and so were subject to the jurisdiction of the court). I also stated, "There are no obvious grounds for quashing, rather than modifying, the subpoenas under Rule 45(c) before this Court." That was an observation on the state of the record; it was not a reservation of any issue that was at the time before the court, since no one had moved to modify the subpoenas.

On December 27, 2005, plaintiff-judgment creditor moved for an order directing the nonparty deponents to appear and comply with the subpoenas that had been served on them and finding them in contempt for failure to comply. At that point, the non-party witnesses sought their own counsel (theretofore they had been represented by Orascom's counsel). Through new counsel, they observed that Fed. R.Civ.P. 45(e) provided them with an excuse not to comply with the subpoenas— namely, that the subpoenas by their terms required the witnesses to appear for deposition more than 100 miles from their place of residence or regular place of business.

Plaintiff replied that the non-party deponents waived the "adequate excuse" defense for noncompliance by not raising it earlier (i.e., on the timely motion to quash made prior to the return date of the subpoena).

In a ruling dated February 23, 2006, Magistrate Judge Smith reminded the non-party witnesses that they had been validly served and were under obligation to comply with the subpoenas. She declined, however, to assess sanctions or to hold the witnesses in contempt. She also refused to decide whether the 100 mile rule "adequate excuse" defense had been waived. But she invited a motion to modify the subpoenas pursuant to Fed.R.Civ.P. 45(c).

On March 6, the non-party witnesses moved to modify the subpoenas by eliminating their testimonial aspect. Again, the Estate opposed the motion on the ground

that they were simply relitigating the issue of quashing, which had already been decided against them, and further argued that the 100 mile defense had been waived by not being timely raised. The non-party witnesses argued that this court had in effect invited them to make their unusual motion to modify and asserted that the 100 mile defense was non-waivable.

On April 19, the learned magistrate judge granted the motion to modify the subpoenas by striking the requirement that the witnesses testify in response to them.

Judge Smith began by observing that Fed.R.Civ.P. 45(c) mandates the quashing or modification of a subpoena that requires a person who is not a party or an officer or a party to travel to a place more than 100 miles from the place where that person resides, is employed, or regularly transacts business in person. Rule 45(c)(3)(A)(ii). She concluded that the non-party witnesses neither lived nor regularly worked within 100 miles of the courthouse—an undisputed and indisputable proposition—and rejected the Estate's arguments that (1) this court's order of November 7, 2005 precluded this particular form of "modification" and (2) it was far too late for the non-party witnesses to raise this argument.

The Estate has appealed.

■ The parties disagree concerning the standard of review that this court must employ in reviewing the learned Magistrate Judge's order. For the reasons stated by the Estate (which I will not reiterate at length here), I conclude that the correct standard of review is de novo review. However, the issue is of little moment, because I would have reached the same result under the lesser "clear error" standard of review ordinarily employed in reviewing a Magistrate Judge's decision on a non-dispositive discovery dispute.

■ It is well settled that, to be timely, a motion to quash a subpoena must be made prior to the return date of the subpoena. *See Sony Music Entertainment. Inc.,* 326 F.Supp.2d 556, 561 (S.D.N.Y. 2004); *In re Welling,* 40 F.Supp.2d 491, 491 (S.D.N.Y.1999); *cf. Langford v. Chrysler Motors Corp.,* 513 F.2d 1121, 1126 (2d Cir.1975) (permitting motion to quash one day after return date of subpoena where there was no evidence of prejudice to the other side). The motion to quash in this case was without question timely. The subpoena was returnable on September 23. The motion to quash was made on September 11.

The Estate, however, is correct that the challenge to the subpoenas under the 100 mile rule was not specifically raised with the court *prior to the return date of the subpoenas,* which was September 23, 2005. Of this there can be no doubt. As the learned Magistrate Judge specifically found, the non-party witnesses failed to challenge the subpoenas under the 100 mile rule in their motion to quash the subpoenas, which was filed on September 11, 2005. (See footnote 3 to Judge Smith's April 19 decision). They did not raise the issue until they filed a reply brief, and they did not file a reply brief until three days after the return date of the subpoenas. Neither did the non-party witnesses "incorporate by reference" arguments made in other motions by other parties until they filed their reply brief on September 26, three days after the return date of the motions. It is clear error to hold that September 26 is earlier than September 23.

■ The only way this court can reconcile the learned Magistrate Judge's determination is to conclude that she ruled, sub silentio, that the arguments raised in the reply brief "related back" to the date the

original motion was made, which was prior to September 23. But as a general rule, courts will not consider arguments raised for the first time in a reply brief. *see e.g., Playboy Enters., Inc. v. Dumas,* 960 F.Supp. 710, 720 n. 7 (S.D.N.Y.1997), *aff'd,* 159 F.3d 1347 (2d Cir.1998).

Since the learned Magistrate Judge's factual conclusion is clearly erroneous, this court is left to decide whether reliance on the 100 mile rule was waived when the issue was not timely raised with this court.

I conclude that the issue was not waived.

■ Fed.R.Civ.P. 45(e) sets forth the circumstances pursuant to which a party who fails to comply with a subpoena can be deemed in contempt of court. It provides, "An adequate cause for failure to obey exists when a subpoena purports to require a non-party to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A)." Since Rule 45(e) specifically recognizes that obedience to an otherwise lawful subpoena will be excused if the subpoena violates the 100 mile rule—without in any way requiring that the disobeying party have made a timely motion to quash—it must be the case that the 100 mile rule is not waived by failing to make a timely motion to quash and can be invoked in the absence of such a motion. After all, one cannot fail to obey a subpoena that has been timely quashed.

So we are between a rock and a hard place here. No timely motion to quash on this ground having been made, this court is not bound by Rule 45(c)(3)(A)'s stricture that it "shall" quash or modify subpoenas because they fail to comport with the 100 mile rule. On the other hand, it is clear that I cannot hold the non-party witnesses in contempt (the only effective sanction) for failing to appear as subpoenaed.[1]

The obvious solution is to modify the subpoenas.

But not to eliminate entirely the "ad testificandum" feature. While the learned Magistrate Judge is technically correct that her order did not "quash" the subpoenas, it did effectively annul any requirement that the non-party witnesses submit to deposition, which was the clear import of the subpoena. The production of documents was incidental to an in-person deposition. The non-party witnesses were duly and properly served with a subpoena that required them to give testimony. When I said modification of the subpoenas might be appropriate, I was (sub silentio) recognizing that this court could not compel the non-party witnesses to appear in New York City for deposition. But I did not intend, by my November 7 decision, to endorse a "modification" that amounted to a "nullification" of the essence of what plaintiff-judgment creditor had achieved via constitutionally sufficient service.

So the subpoenas should be modified. There are three possible ways to modify them.

The first is to modify them by directing that the non-party witnesses should appear for deposition at a mutually agreeable place. The problem with this solution is that there is no way to guarantee that the two sides will negotiate in good faith and

---

1. As my colleague Judge Lynch observed in *In re Application for Order Quashing Deposition Subpoenas (Nissan Fire & Marine Ins. Co. v. Fortress Re, Inc.),* No. M8–85, 2002 WL 1870084 (S.D.N.Y. Aug. 14, 2002), the rule in this Circuit permitting service by "tag" jurisdiction over a non-citizen temporarily present in the district would be a nullity if the 100–mile rule immediately required the quashing of the same subpoena. Since Judge Lynch ultimately quashed the subpoena on other grounds, he did not reach the question of how to modify a subpoena whose reach would violate the 100–mile rule.

with an eye to selecting an appropriate location.

The second is to modify them by selecting a location for the depositions myself. I question whether it lies within this court's power to direct non-party witnesses to appear for deposition in a foreign country. This very issue was considered in *Price Waterhouse LLP v. First Am. Corp.*, 182 F.R.D. 56, 62–63 (S.D.N.Y.1998). As that court noted, the language of Rule 45 requires that a subpoena issue from "the district in which the deposition is to be taken"—an impossibility if the subpoena is modified so as to permit a deposition to be taken abroad. *Id.*

Of course, it is not unknown for a non-party to give deposition testimony on notice in a foreign country, according to the deposition rules of that country. *Am. Nat. Fire Ins. Co. v. Mirasco* 265 F.Supp.2d 240 (S.D.N.Y.2003) (deposition taken following Egyptian law). Indeed, Fed.R.Civ.P. 28(b) sets out the procedures by which a deposition taken in a foreign country may be taken:

> (1) pursuant to any applicable treaty or convention, or (2) pursuant to a letter of request (whether or not captioned a letter rogatory), or (3) on notice before a person authorized to administer oaths in the place where the examination is held, either by the law thereof or by the law of the United States, or (4) before a person commissioned by the court, and a person so commissioned shall have the power by virtue of the commission to administer any necessary oath and take testimony.

However, there is nothing in Rule 28(b) to suggest this Court has the power to *compel* a party to submit to oral examination in a foreign country; the Rule merely sets the standards for the *sufficiency* of depositions taken outside the reach of the federal courts.

█ The third solution that preserves the testimonial aspect of the subpoena (which is its essence) is to modify the subpoenas to require that the witnesses submit to deposition upon written questions rather than upon oral examination.

The method for conducting a deposition upon written questions is set out in Fed. R.Civ.P. 31. Rule 31 does not permit written questions to be put to a witness directly; rather, the questions are sent to a recording officer charged with posing those questions to the deponent and relaying the answers back. New York State law provides for a simpler means of deposing a witness by written questions: the information subpoena. N.Y. CPLR § 5224 (2006). Questions may be posed to a witness directly in the form of written questions sent via registered or certified mail; the witness provides written responses to the questions within seven days and returns his or her responses. *Id.* The Second Circuit has approved discovery via information subpoenas by a judgment creditor seeking to obtain information necessary to enforce a judgment, pursuant to Fed.R.Civ.P. 69 and N.Y. CPLR § 5224. *Dulce v. Dulce*, 233 F.3d 143, 146 (2d Cir.2000). I believe the information subpoena to be a suitable substitute in this case for Rule 31 deposition on written questions.

The chosen procedure recognizes that the non-party witnesses are in fact subject to the jurisdiction of the court by virtue of having been properly served. It answers both the 100 mile rule argument and any undue burden argument as well, since the witnesses can respond to the written questions where they live and forward them by mail or courier to their attorneys in the United States for service on counsel for the Estate. And by eliminating a Rule 45(e) defense, it provides the court with a

means of enforcing non-compliance by the non-party witnesses.

Accordingly, the subpoenas are modified to eliminate the requirement that the witnesses appear in person in New York for deposition upon oral examination and to substitute therefor the requirement that they submit to an information subpoena, and are otherwise upheld. Written questions should be submitted to the witnesses prior to October 1, 2006.