**MERCANTILE NATIONAL BANK OF HAMMOND, a corporation, as Trustee under the provisions of a certain Trust Agreement dated the 25th day of June, 1975, known as Trust Number 3346, J.R. Construction Co., and Joseph Ramacci, Appellants–Plaintiffs,**

v.

**Robert UNDERWOOD, Appellee– Supplemental Defendant.**

**No. 56A03–0902–CV–52.**

Court of Appeals of Indiana.

May 18, 2009.

Transfer Denied Aug. 19, 2009.

against appellee-supplemental-defendant Robert Underwood under the Crime Victims' Compensation Act (CVCA).[1] The appellants argue that the trial court erroneously concluded that their CVCA claim was not commenced within the statute of limitations and that they are otherwise entitled to the misjoinder of the CVCA claim to a new cause number. Finding that the claim was commenced in a timely fashion, that the motion seeking misjoinder was timely filed, and that the appellants are entitled to this relief, we reverse and remand for further proceedings.

Michael L. Muenich, Highland, IN, Attorney for Appellants.

Kathryn D. Schmidt, Burke Costanza & Cuppy, LLP, Merrillville, IN, Attorneys for Appellee.

## OPINION

BAKER, Chief Judge.

These parties and long-running litigation, which began in 1995, have been here before. In this appeal, we must determine whether a claim was "commenced" within the statute of limitations when it was initially improvidently filed as part of a proceeding supplemental. The answer is yes.

Appellants-plaintiffs Mercantile National Bank of Hammond, a corporation, as Trustee under the provisions of a certain Trust Agreement dated the 25th day of June, 1975, known as Trust Number 3346 (Mercantile), J.R. Construction Co., and Joseph Ramacci (collectively, the appellants), appeal the trial court's order denying their motion seeking misjoinder of their claim

### FACTS

The facts and procedural history herein are undisputed. In 1995, the appellants sued Jasper–Newton Utility Company, Inc. (Jasper–Newton), for breach of contract. Jasper–Newton was a subchapter S corporation that was owned in equal shares by Underwood and James Rose. On November 15, 2001, the trial court entered judgment against Jasper–Newton for $159,581. Jasper–Newton appealed and this court affirmed. *Jasper Newton Utility Co., Inc. v. Mercantile Nat'l Bank of Hammond,* No. 56A03–0203–CV–71, 783 N.E.2d 1282 (Ind.Ct.App. Feb. 12, 2003).

Meanwhile, in January 2001,[2] Rose executed an agreement for the sale of Jasper–Newton's assets to Utilities, Inc., which transferred its rights and obligations under the agreement to Water Services Company of Indiana, Inc. (WSCI), a wholly-owned subsidiary of Utilities. Jasper–Newton, Rose, and Underwood indemnified WSCI for all claims asserted in Mercantile's complaint. Acting on behalf of Jasper–Newton, Rose deposited the

1. Ind.Code § 34–24–3–1 et seq.

2. The agreement was finalized on December 18, 2001, after receiving the necessary approval from the Indiana Utility Regulatory Commission.

$475,000 sale proceeds into Jasper–Newton's bank account and, within three days, issued checks to Underwood and himself for $237,500.

On March 15, 2002, Mercantile moved for a proceeding supplemental, and on November 26, 2002, Mercantile filed two fraudulent transfer claims against Jasper–Newton, Rose, Underwood, and WSCI. On February 13, 2003, Mercantile moved for summary judgment against WSCI and for leave to amend its complaint to add a third claim for treble damages and attorney fees under the CVCA. The supplemental defendants responded to the summary judgment motion but did not address the motion to amend. The trial court held a hearing on summary judgment without ruling on the motion to amend, and on July 24, 2003, the trial court granted summary judgment in favor of Mercantile and against WSCI. The trial court awarded actual damages of $180,811.83, representing the original judgment amount plus statutory interest.[3]

On August 11, 2003, Underwood objected for the first time to Mercantile's motion to amend the complaint. On November 26, 2003, the trial court granted Mercantile's motion to amend nunc pro tunc, dating the order March 28, 2003. On March 24, 2004, the trial court held a bench trial on the fraudulent transfer and CVCA claims against Rose, Underwood, and Jasper–Newton. At the close of the trial, the court entered judgment for Mercantile and awarded treble damages of $542,435.49 and attorney fees of $162,730.

Rose and Underwood appealed. This court reversed the attorney fee award but otherwise affirmed the judgment. *Rose v. Mercantile Nat'l Bank of Hammond,* 844 N.E.2d 1035 (Ind.Ct.App.2006), *vacated.* Our Supreme Court granted transfer.

*Rose v. Mercantile Nat'l Bank of Hammond,* 868 N.E.2d 772 (Ind.2007). Relevant to this appeal is our Supreme Court's conclusion that the trial court erred by permitting Mercantile to amend its third-party proceedings supplemental complaint by adding the CVCA claim:

> ... Mercantile's attempt to seek new damages from Rose and Underwood by adding a Crime Victims' claim does not fit the purpose for proceedings supplemental. While the CVCA claim was based on the same facts as the fraudulent transfer claim, the remedy sought for the CVCA claim amounted to three times the original judgment amount, plus attorneys' fees. Allowing a new claim to be tacked on at this stage would be just as unfitting as opening up any other litigation to add new claims after judgment. Such an approach to collections would lay the groundwork for perpetual motion—a far cry from the timely and efficient system of conflict resolution the nation's judiciary strives to provide. Proceedings supplemental are appropriate only for actions to enforce and collect existing judgments, not to establish new ones.

> The trial court improvidently granted Mercantile leave to amend the proceedings supplemental complaint to add a claim for new damages. We think it prudent policy that any action to assist in collection of an original judgment, i.e. a proceeding supplemental, must be filed under the same cause number as the original action. Conversely, any action that may result in imposition of a new judgment should be filed under a new cause number.

*Id.* at 777. In relevant part, our Supreme Court then disposed of the case as follows:

---

3. Mercantile later dismissed its claims against WSCI.

We reverse the trial court insofar as it allowed Mercantile to amend its complaint and seek damages under the CVCA. *Because the parties have understandably not briefed whether Mercantile may continue to pursue its CVCA claim through transfer to a new cause number or some other means,* we need not reach the issue of Rose and Underwood's demand for a jury in the CVCA claim. We remand for collection of any amounts remaining unpaid on the contempt and the fraudulent transfer, and so the trial court can consider whether Mercantile is entitled to attorneys' fees under Ind.Code § 34–52–1–1 as contemplated by the orders it entered on the request for same made in Mercantile's complaints.

*Id.* (emphasis added).[4]

On August 26, 2008, Mercantile filed a motion to sever the CVCA claim from the third-party complaint alleging fraudulent transfer. Following a hearing, the trial court denied the motion on October 17, 2008, finding, in relevant part, as follows:

> ... This Court would find there is a pending CVCA Complaint had there been a true Amendment of a Complaint. In other words, if there was an Original Complaint and Summons and the CVCA claim was added by an Amendment without an additional Summons, then this Court would find the CVCA claim is pending, assuming the Amendment was prior to the first entry of Judgment. An additional summons need not be issued for each Amendment of a Complaint.
>
> ... Upon review of [the proceedings supplemental complaint and would-be amended complaint including the CVCA claim], it became clear that the verbiage or terminology by one or both parties calling these two filings a "Complaint" is a misnomer. The CVCA claim was not filed as a normal claim or complaint. It was filed in a Proceeding Supplemental. The CVCA was filed to seek new "damages," as stated by the Indiana Supreme Court. The Indiana Supreme Court recognized that this attempt at "new damages" was permitted by the Court and parties, resulting in a Judgment, albeit part of the Proceeding Supplemental process. The Supreme Court reversed the CVCA claim. The Supreme Court does not indicate whether the CVCA issue is pending or whether such an *issue* could still be pursued.
>
> The Court now finds the CVCA issue is not pending and never was a "Complaint" for damages. It was mixed into the Proceeding Supplemental Process and despite the label placed on the documents filed, it was in reality an attempt to execute on a Judgment previously entered.
>
> ... The CVCA issue never was a "Claim" or "Complaint" properly filed. Therfore [sic], the CVCA issue was never pending, although it progressed for some[ ]time before the Supreme Court corrected the error.

The Motion to Sever must be DENIED. There is no claim to sever. Appellants' App. p. 25–27 (emphasis in original). Mercantile now appeals.

## DISCUSSION AND DECISION

### I. *Standard of Review*

■ Mercantile argues that the trial court erroneously denied its motion to sev-

---

4. At some point, Rose filed for bankruptcy, so Mercantile is pursuing him in the bankruptcy court while maintaining the state court action against Underwood. The bankruptcy court reached the same conclusion as the trial court did herein, namely, that the CVCA claim was not pending and could not be severed from the original complaint. Mercantile has appealed that judgment to the Seventh Circuit Court of Appeals.

er the CVCA claim. It would be more accurate to view Mercantile's motion as one for misjoinder pursuant to Indiana Trial Rule 21(A), and we will analyze it accordingly. We review a trial court's decision on a party's motion for misjoinder for an abuse of discretion. *Rollins Burdick Hunter of Utah, Inc. v. Bd. of Trustees of Ball State Univ.*, 665 N.E.2d 914, 920 (Ind.Ct.App.1996); *see also* Ind. Trial Rule 21(A) (providing that a motion for misjoinder of parties or claims is subject to the trial court's sound discretion). Trial Rule 21(A) primarily relates to the misjoinder of parties but also discusses the misjoinder of claims:

> Misjoinder of parties is not ground for dismissal of an action. Except as otherwise provided in these rules, failure to name another person as a party or include him in the action is not ground for dismissal; but such omission is subject to the right of such person to intervene or of an opposing party to name or include him in the action as permitted by these rules. Subject to its sound discretion and on motion of any party or of its own initiative, the court may order parties dropped or added at any stage of the action and on such terms as are just and will avoid delay. *Any claim against a party may be severed and proceeded with separately.*

(Emphasis added).

## II. The CVCA Claim

In attempting to untie this Gordian Knot of procedure, we must first determine whether the CVCA claim was "commenced" at the time it was improperly filed as part of the proceeding supplemental. If the answer to that question is negative, then our analysis ends, inasmuch as the statute of limitations has run. If the answer to that question is positive, we must consider whether Mercantile's motion for misjoinder is timely, given that judg-

ment on the remaining claims has already been entered. Finally, if we find that the motion was timely filed and the CVCA claim may be resurrected as a procedural matter, we must determine whether Mercantile is entitled to that relief.

### A. Commencement

■ Trial Rule 3 governs the commencement of an action:

> A civil action is commenced by filing with the court a complaint or such equivalent pleading or document as may be specified by statute, by payment of the prescribed filing fee or filing an order waiving the filing fee, and, where service of process is required, by furnishing to the clerk as many copies of the complaint and summons as are necessary.

There are no further conditions attached and no exceptions for claims that are filed but later reversed on appeal.

It is undisputed that Mercantile's original complaint filed in the proceeding supplemental—which contained the claims for fraudulent transfer—complied with these conditions. It is also undisputed that Mercantile filed its motion to amend the complaint and the trial court granted that motion within the requisite statute of limitations. The motion to amend was a complaint or equivalent pleading, Ind. Trial Rule 7(A), there is no filing fee for such a motion, no service of process on Underwood was required because he was already a party, Ind. Trial Rule 5, and there has been no contention that insufficient copies were furnished to the clerk. Thus, we can only conclude that the CVCA claim was "commenced" when Mercantile filed its motion to amend the complaint.

Our Supreme Court concluded that the trial court erred by granting that motion for reasons described above. *Rose*, 868 N.E.2d at 777. That holding, however, does not rewrite history and erase the

time of commencement of the action. Our Supreme Court concluded that Mercantile should have filed the CVCA claim under a new cause number rather than as part of the proceeding supplemental, but in no way did *Rose* make the claim evaporate into the ether. *See Doughty v. State Dep't of Pub. Welfare*, 233 Ind. 475, 478, 121 N.E.2d 645, 646 (Ind.1954) (holding that when an amendment to the complaint is determined to have been erroneous, "[t]he ruling is only that the complaint as it stands as defective. The complaint stays, and the pleader has an absolute right to keep it there and amend it"). Indeed, our Supreme Court explicitly noted that "the parties have understandably not briefed whether Mercantile may continue to pursue its CVCA claim through transfer to a new cause number or some other means," *Rose*, 868 N.E.2d at 777, and declined to address that issue, necessarily implying that the Court was not foreclosing that possibility.

■ Underwood had notice of this claim. Indeed, he litigated it to judgment without once objecting to its inclusion in the proceeding supplemental. Furthermore, we observe that the general purpose of statutes of limitations is to encourage the prompt presentation of claims and to spare the courts from litigation of stale claims. *Perryman v. Motorist Mut. Ins. Co.*, 846 N.E.2d 683, 689 (Ind.Ct.App. 2006). Here, pretending that the CVCA claim was not "commenced" within the statute of limitations would serve none of these purposes, inasmuch as it was filed well within the two-year statute of limitations and was litigated to completion.

To find that the CVCA claim was not properly commenced would elevate form over substance, ignore the purpose of pleading requirements and statutes of limitation, and disregard logic. It would also permit Underwood to engage in the kind of "gotcha" litigation that courts of this state do not countenance. Our reluctance to reach such a conclusion is bolstered by the Journey's Account Statute, Ind.Code § 34-11-8-1, which "is typically used to save an action filed in the wrong court." *Keenan v. Butler*, 869 N.E.2d 1284, 1290 (Ind.Ct.App.2007). As this court has explained,

> The purpose of the Journey's Account Statute is to insure to the diligent suitor the right to a hearing in court until he reaches a judgment on the merits. Among the situations to which the Journey's Account Statute applies is when a plaintiff commences an action, and the plaintiff fails in the action due to any cause except negligence in the prosecution of the action. The Journey's Account Statute allows the plaintiff to bring a new action within three years of the determination in the original action or before the running of the statute of limitations governing the original action. The second action is effectively a continuation of the original action.

*Id.* (internal citations omitted). Although not directly applicable to this appeal, the Journey's Account Statute further evidences Indiana's predilection to enable diligent plaintiffs, who may have erred procedurally—but not negligently—in prosecuting their actions, to continue their lawsuits. This result permits a resolution of the lawsuit on its merits and focuses on substance over form.

Under these circumstances, we agree with Mercantile that there is only one logical outcome:

> It defies logic to argue that a claim— filed by the well-accepted procedure of amending a complaint, which was allowed by the trial court, litigated without objection through summary judgment, addressed at a bench trial on damages, and then affirmed by this

Indiana Court of Appeals—was never "commenced."

Appellant's Br. p. 5 (footnote omitted). As such, we find that the CVCA claim was "commenced" when it was filed and the statute of limitations does not prohibit Mercantile from seeking misjoinder of the claim and pursuing it under a new cause number.

### B. Timeliness

 Next, we must determine whether the appellants' motion seeking misjoinder was timely, notwithstanding our conclusion regarding the commencement of the CVCA claim. Underwood argues that the motion was untimely given authority providing that "[a] misjoinder motion is untimely when filed after the culmination of trial...." *Mitchell v. Stevenson,* 677 N.E.2d 551, 557 (Ind.Ct.App.1997). Here, Underwood observes that the complaint proceeded to trial and reached a judgment, the judgment was reversed on appeal, and following our Supreme Court's opinion, the remainder of the judgment was satisfied. Because the appellants did not seek misjoinder before the trial, Underwood contends that the relief is untimely sought.

We cannot agree. Of course Mercantile did not seek misjoinder before trial began—no one, including Underwood, had ever argued that the CVCA claim was improperly included in the proceeding supplemental. The onus was on Underwood, as the defendant claiming that the CVCA claim against him was improper, to seek misjoinder before the entry of judgment. Having failed to do so, he invited and thereby waived any error arising from the timing of the appellants' motion seeking misjoinder. The appellants took the first available opportunity following our Supreme Court's opinion in *Rose* to cause to come to fruition the possibility mentioned by the court—continuing to pursue its

CVCA claim through transfer to another cause. *Rose,* 868 N.E.2d at 777. Under these circumstances, we simply cannot conclude that their motion seeking misjoinder was untimely.

### C. Entitlement to Relief

 Finally, having concluded that the motion seeking misjoinder was proper as a procedural matter, we must consider whether the appellants are entitled to this relief. As noted above, the parties have already litigated the CVCA claim through trial. Thus, there would be no prejudice or surprise to Underwood if we permitted the claim to survive in another cause number. Though the appellants mistakenly included the claim in a proceeding supplemental, no one—including the defendants, trial court, or this court—found that to be erroneous until our Supreme Court ruled on the matter in *Rose.* Thus, we can hardly conclude that they acted in bad faith or frivolously by joining the claim to the proceeding supplemental. To the contrary, the appellants have made every effort along the way to comply with the rule of law—even newly-announced law. Given these circumstances, we find that the appellants are entitled to misjoinder of the CVCA claim.

The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.

MAY, J., and BARNES, J., concur.