# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 08-3431

IN RE:

    JAMES E. ROSE,

*Debtor.*

MERCANTILE NATIONAL BANK OF INDIANA,
as Trustee, J.R. CONSTRUCTION CO. and
JOSEPH RAMACCI,

*Plaintiffs-Appellants,*

*v.*

JAMES E. ROSE,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 2:08 CV 2116—**Michael P. McCuskey,** *Chief Judge.*

ARGUED FEBRUARY 19, 2009—DECIDED OCTOBER 7, 2009

Before FLAUM and WILLIAMS, *Circuit Judges*, and KAPALA, *District Judge*.[*]

WILLIAMS, *Circuit Judge*.    In 2005, James E. Rose filed for bankruptcy in the United States Bankruptcy Court for the Central District of Illinois. Mercantile National Bank of Indiana ("Mercantile") filed an adversary complaint challenging the dischargeability of a debt that Rose owed to it arising from a previous judgment entered in an Indiana superior court. The judgment was based, in part, on a claim Mercantile had made under Indiana's Crime Victims' Compensation Act ("CVCA"), Ind. Code § 34-24-3-1. In June 2007, the Indiana Supreme Court ruled that Mercantile had not properly brought the new CVCA claim because it was filed during a proceedings supplemental to collect on an already existing judgment, rather than as a separate claim under a new cause number. *Rose v. Mercantile Nat'l Bank of Hammond*, 868 N.E.2d 772, 777 (Ind. 2007). As a result, the bankruptcy court agreed, ruling that the applicable two-year statute of limitations barred Mercantile's complaint. The bankruptcy court granted Rose's motion to dismiss Mercantile's adversary complaint, and the district court affirmed. *In re Rose*, No. 08-CV-2116, 2008 WL 4055783, at *6 (C.D. Ill. Aug. 26, 2008).

After oral argument in this case, the Indiana Court of Appeals determined that the CVCA claim against Rose's

---

[*] The Honorable Frederick J. Kapala of the United States District Court for the Northern District of Illinois, sitting by designation.

joint shareholder, Robert Underwood, was properly commenced within the statute of limitations despite being improvidently filed as part of a proceedings supplemental. *Mercantile Nat'l Bank of Hammond v. Underwood*, 906 N.E.2d 881 (Ind. Ct. App. 2009). Because Mercantile properly commenced its CVCA claim within the statute of limitations, we reverse the ruling of the district court.

## I. BACKGROUND

In 1995, Mercantile National Bank of Indiana, J.R. Construction Co. and Joseph Ramacci (whom we collectively call "Mercantile") sued Jasper-Newton Utility ("J-N"), an Indiana sub-S corporation operating as a public utility company, in an Indiana superior court for contract damages and specific performance. The suit alleged that J-N failed to live up to its commitments under a water and sewer services agreement. At that time, James E. Rose was a 50% shareholder in J-N. Following a bench trial, the court entered judgment against J-N for $159,581.

On December 18, 2001, five weeks after the judgment, J-N was sold to Water Services Company of Indiana, Inc. ("WSCI") for $475,000. Under the terms of the sale, Rose and Robert Underwood, the other 50% J-N shareholder, agreed to indemnify WSCI for any and all liabilities arising out of Mercantile's suit against J-N. J-N then transferred $237,500 each to Rose and Underwood.

In March 2002, Mercantile moved for proceedings supplemental to collect on the judgment. On November 16,

2002, Mercantile filed two claims under the Indiana Fraudulent Transfer Act, Ind. Code § 32-18-2-17, alleging that Rose, Underwood, J-N and WSCI had acted fraudulently by transferring Rose's and Underwood's shares in J-N to WSCI in order to avoid paying the judgment. In February 2003, Mercantile moved for leave to amend its complaint to add a claim under Indiana's CVCA. No fee was paid to the Clerk of the Court and no summons were ever issued to Rose or Underwood in connection with Mercantile's CVCA claim. On July 23, 2003, Rose and Underwood tendered $181,300 (the original judgment amount plus statutory interest) to the court. Even though Rose and Underwood paid the judgment, the trial court granted Mercantile's motion to amend the complaint *nunc pro tunc* on November 26, 2003 and made the order retroactive to March 28, 2003.

After a bench trial during which it considered both the Fraudulent Transfer Act and CVCA claims, the Newton Superior Court entered judgment in favor of Mercantile, awarding $542,435.49 in treble damages and $162,730 in attorneys' fees. The Indiana Court of Appeals affirmed the treble damages ruling but remanded for recalculation of the attorneys' fees. In the meantime, on October 14, 2005, Rose filed for Chapter 11 relief in the United States Bankruptcy Court for the Central District of Illinois. On March 7, 2006, Mercantile filed an adversary complaint to challenge the dischargeability of the judgment on its CVCA claim.

In June 2007, the Indiana Supreme Court reversed the appellate court's ruling on the CVCA claim and held

that Mercantile's attempt to seek new damages from Rose and Underwood did not fit the purpose of a proceedings supplemental. *Rose,* 868 N.E.2d at 777. The Indiana Supreme Court stated that such proceedings are appropriate only for actions to enforce and collect existing judgments, not to establish new ones, and that if Mercantile wished to pursue the CVCA claim it would have to do so under a new cause of action or through some other means.

On November 12, 2007, following the Indiana Supreme Court ruling, Mercantile filed an Amended Complaint to Determine Dischargeability in the bankruptcy case. Rose filed a motion to dismiss that complaint, which the bankruptcy court granted on March 6, 2008. In granting the motion, the court reasoned that the CVCA claim had never been properly commenced within the applicable two-year statute of limitations and was therefore barred by the statute's expiration. The bankruptcy court rejected Mercantile's argument that Indiana's Journey's Account Statute applied. That statute allows an extension of the statute of limitations for actions commenced by a plaintiff which fail because the judgment is arrested or reversed on appeal. Ind. Code § 34-11-8-1. Echoing the Indiana Supreme Court, the court reasoned that Mercantile had not met the requirements for "commencing" an action by filing the CVCA claim in a proceedings supplemental, and, therefore, the Journey's Account Statute did not revive Mercantile's adversary complaint. On appeal, the district court affirmed the bankruptcy court's ruling that dismissed the adversary complaint.

Following oral argument in this case, on May 18, 2009, the Indiana Court of Appeals issued a decision involving the CVCA claim that was filed before Rose filed his bankruptcy petition. The appellate court concluded that Mercantile's CVCA claim was commenced within the statute of limitations when it was initially improvidently filed as part of the proceedings supplemental. *Mercantile*, 906 N.E.2d at 886. On June 16, 2009, Underwood filed a petition to transfer jurisdiction, seeking to appeal the Indiana Court of Appeal's decision to the Indiana Supreme Court. On August 19, 2009, the Indiana Supreme Court unanimously denied Underwood's petition to transfer jurisdiction.

Mercantile appeals the bankruptcy court's dismissal of its adversary complaint. In addition, it asks this court to certify the following question to the Indiana Supreme Court: "Whether the Indiana statute of limitations runs and expires while a case is on appeal in Indiana courts and is subsequently reversed on procedural grounds for improper joinder of claims?"

## II. ANALYSIS

### A. Mercantile Commenced Its CVCA Claim Within the Statute of Limitations

We review a Rule 12(b)(6) dismissal of an adversary complaint in bankruptcy de novo. *In re Consol. Indus.*, 360 F.3d 712, 716 (7th Cir. 2004). Mercantile's complaint was dismissed because the bankruptcy court held that the statute of limitations barred his claim. In relevant part, Indiana's CVCA states:

Sec. 1. If a person suffers a pecuniary loss as a result of a violation of IC 35-43, IC 35-42-3-3, IC 35-42-3-4, or IC 35-45-9, the person may bring a civil action against the person who caused the loss for the following:

(1) An amount not to exceed three (3) times the actual damages of the person suffering the loss.

(2) The costs of the action.

(3) A reasonable attorney's fee.

Ind. Code § 34-24-3-1. Essentially, the CVCA allows a person who suffers pecuniary loss as a result of certain property crimes to seek treble damages and attorneys' fees. Because a claim under the CVCA is primarily penal in nature, a two-year statute of limitations applies. *Clark v. Univ. of Evansville*, 784 N.E.2d 942, 945 (Ind. Ct. App. 2003). Here, the earliest date at which the statute of limitations could have began running on Mercantile's claim was December 2001, at the time of the fraudulent transfer to WSCI. The latest date at which the statute of limitations could have began running was November 2002, when Mercantile learned of the transfer of assets and filed its Complaint for Relief in Aid of Execution on Judgment to void the transfer under the Fraudulent Transfer Act. Mercantile argues that it initiated the CVCA claim when it moved for leave to amend the complaint to add the CVCA claim on February 14, 2003, well within the statute of limitations. Rose contends that Mercantile never properly filed the CVCA claim because it attempted to do so during a

proceedings supplemental. So, according to Rose, Mercantile never refiled the CVCA claim within the statute of limitations.

In order to sort out whether the CVCA claim was properly commenced within the statute of limitations, we must examine several opinions of the Indiana courts. In *Rose*, the Indiana Supreme Court reversed the trial court's grant to Mercantile of leave to amend the complaint to add the CVCA claim. *Rose*, 868 N.E.2d at 777. As the Indiana Supreme Court explained in its opinion, proceedings supplemental offer the judgment creditor judicial resources "for discovering assets, reaching equitable and other interest[s] not subject to levy and sale at law and to set aside fraudulent conveyances*." Id.* at 775 (quoting *McCarthy v. McCarthy*, 297 N.E.2d 441, 444 (Ind. Ct. App. 1973)). Fraudulent Transfer Act claims seek enforcement of the judgment, which brings these claims within the scope of proceedings supplemental. *See In re Import & Mini Car Parts, Ltd.,* 200 B.R. 857, 859 n.1 (Bankr. N.D. Ind. 1996) ("In Indiana, the owner of an unpaid judgment may, through proceedings supplemental and garnishment, seek to set aside and recover allegedly fraudulent transfers of the judgment debtor's property."); *see also Rose*, 868 N.E.2d at 776.

The CVCA claim, on the other hand, was not filed to enforce the previous judgment but rather to seek damages based on a new cause of action. Although the Indiana Supreme Court determined that the trial court improvidently granted Mercantile leave to amend its complaint to add the CVCA claim, it also stated that Mercantile

"may continue to pursue its CVCA claim through transfer to a new cause number or some other means." *Rose*, 868 N.E.2d at 777.

After the Indiana Supreme Court issued its decision, the Newton Superior Court denied Mercantile's motion seeking misjoinder of the CVCA claim. Mercantile appealed that decision to the Indiana Court of Appeals. The Indiana Court of Appeals found the claim was commenced in a timely fashion and that Mercantile was entitled to misjoinder. *Mercantile*, 906 N.E.2d at 883. The court concluded that Mercantile's CVCA claim was commenced within the statute of limitations when Mercantile filed its motion to amend the complaint. *Id.* at 886. The court went on to explain that the Indiana Supreme Court's ruling, that bringing the CVCA claim during a proceeding supplement was improper, did "not rewrite history and erase the time of commencement of the action," *id.* at 886-87, and, as a result, Mercantile was entitled to misjoinder of the CVCA claim. *Id.* at 888.

As the question involves the underlying state claim for damages, this court applies state law. *Kutsugeras v. AVCO Corp.*, 973 F.2d 1341, 1346 (7th Cir. 1992). We concur with the reasoning of the Indiana Court of Appeals that the CVCA claim was properly commenced within the statute of limitations when Mercantile amended its complaint. This most recent Indiana Court of Appeals decision, which the Indiana Supreme Court declined to reconsider, is the final word that Mercantile's CVCA claim did not "evaporate into the ether" when the Indiana Supreme Court ruled later that it was improvi-

dently filed during a proceeding supplemental. *Mercantile*, 906 N.E.2d at 887. Therefore, Mercantile's complaint should not have been dismissed on statute of limitations grounds.

### B.  Mercantile's Motion for Certification is Denied

In light of our decision in Mercantile's favor, we decline its request to certify a question to the Indiana Supreme Court.

### III.  CONCLUSION

Therefore, we REVERSE the decision of the district court and REMAND for further proceedings consistent with this opinion.