Sheila MARTIN, Plaintiff,

v.

CHEMICAL BANK, et al., Defendants.

No. 89 Civ. 3946 (LAK).

United States District Court, S.D. New York.

Sept. 16, 1996.

**58**

Sheila M. Martin, pro se.

Howard L. Ganz, Proskauer Rose Goetz & Mendelsohn, New York City, Rory J. McEvoy, Marshall & McEvoy, New York City, for Defendants.

## MEMORANDUM OPINION

KAPLAN, District Judge.

Plaintiff brought this action claiming that she was discharged from her employment as a legal secretary by defendant Chemical Bank on the basis of her age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"). The Court granted an oral motion to dismiss as to the three individual defendants, employees of Chemical Bank, prior to trial on the ground that such individuals are not subject to suit under the ADEA in light of *Tomka v. Seiler Corp.,* 66 F.3d 1295, 1313 (2d Cir.1995). Following a seven-day trial, the jury returned a verdict for the remaining defendant, Chemical. Judgment was entered on August 28, 1995. No appeal was perfected.

By motion dated June 7, 1996, plaintiff, who was represented by counsel at trial but who now proceeds *pro se,* seeks an order vacating the judgment pursuant to FED. R.CIV.P. 60(b). The principal points advanced are that:

1. Many of the documents and witnesses listed by plaintiff in the pretrial order were not received in evidence, partly as a result of her counsel's decisions not to offer them in evidence and partly as a result of evidentiary rulings by the Court.

2. The defendant allegedly made inappropriate references at trial to plaintiff's mental status and medical history, supposedly in violation of a pretrial order by Magistrate Judge Bernikow.

3. Plaintiff's trial counsel failed adequately to represent her in that he allegedly (a) did not show plaintiff copies of defendant's exhibits, (b) falsely told plaintiff that one of her prospective witnesses, Ms. Nunez, did not wish to testify in her behalf, (c) refused to advise the Court that plaintiff wished to speak personally with the judge presiding at trial, (d) improperly failed to pursue settlement of the case, and (e) misrepresented his experience to plaintiff.

4. Certain of defendant's witnesses gave false testimony.

5. One of plaintiff's witnesses, Ms. Strong, failed to appear at trial despite service upon her of a subpoena.

6. The trial court erred in dismissing as to the individual defendants.

### Discussion

As Rule 60(b) "allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Nemaizer*

*v. Baker,* 793 F.2d 58, 61 (2d Cir.1986). It "may not be used as a substitute for a timely appeal." *Id.* Relief pursuant to Rule 60(b), moreover, must be sought without undue delay. *See Kotlicky v. United States Fidelity & Guar. Co.,* 817 F.2d 6, 9 (2d Cir.1987). Plaintiff's motion is readily disposed of by application of these guiding principles.

### Tactical Decisions and Other Actions of Trial Counsel

Many of plaintiff's complaints reflect dissatisfaction with her trial counsel: his failure to offer certain evidence, his alleged failure to communicate to the Court plaintiff's desire for a personal conference, his alleged failure to pursue settlement on bases the plaintiff now claims she desired, and his alleged provision of misinformation to plaintiff.

■ Counsel's failure to offer evidence or to facilitate plaintiff's effort to communicate directly with the judge reflected tactical judgments. These and other trial decisions by counsel afford no basis whatever for relief under Rule 60(b). *See, e.g., Nemaizer,* 793 F.2d at 63; *United States v. Cirami,* 535 F.2d 736, 739 (2d Cir.1976). Plaintiff, moreover, selected her counsel and, although she obviously was aware of the decisions he made by virtue of her virtually constant presence in the court room, elected not to terminate or otherwise voice dissatisfaction with his services. To countenance plaintiff's claims in the context of a Rule 60(b) motion would be to "visit[ ] the [alleged] sins of plaintiff's lawyer upon the *defendant." Link v. Wabash R.R. Co.,* 370 U.S. 626, 634 n. 10, 82 S.Ct. 1386, 1390 n. 10, 8 L.Ed.2d 734 (1962) (emphasis in original). To do so at this late date would be to compound the error by visiting upon the defendant as well the sin of plaintiff in acquiescing in her counsel's actions during the trial. It would be entirely inappropriate to do so.

■ Plaintiff's claims that her counsel misrepresented his experience and the willingness of a prospective witness to testify stand on a slightly different footing. The Court assumes *arguendo* the truth of plaintiff's factual assertions. However, these assertions afford no basis for relief.

The testimony in question would have been only to the effect that the witness, Ms. Nunez, had been a co-worker of Ms. Martin and thought Ms. Martin a good secretary. Even if received, it would have been cumulative. In the Court's judgment, it would not have affected the result.

■ The alleged deception regarding counsel's level of experience must be taken against the background of the entire case. To begin with, the fact that plaintiff's counsel, whom she retained, was a young man would have been obvious to anyone who met him. Ms. Martin, as a legal secretary, undoubtedly knew that there are a number of directories available which give biographical particulars concerning members of the Bar. Even more important, plaintiff's counsel, in the Court's judgment, performed acceptably at trial. The Court is convinced that representation by more experienced counsel, even if plaintiff could and would have obtained such representation, would have made no difference in the result.

### The Court's Rulings

■ Plaintiff failed to perfect an appeal from the judgment. As Rule 60(b) is no substitute for an appeal, disagreement with the Court's evidentiary and other rulings affords no grounds for relief, at least in the circumstances of this case. To hold otherwise would render the thirty-day time limit on filing, and the requirements of the Federal Rules of Appellate Procedure for perfecting, an appeal meaningless and would seriously undermine the policy of finality of judgments. Moreover, even if a serious evidentiary error would provide a basis for relief under Rule 60(b), plaintiff has identified no such error here.

### The Trial Subpoena

■ One of plaintiff's witnesses, Amanda Candidate Strong, apparently disregarded a trial subpoena duly served upon her on plaintiff's behalf. Plaintiff alleges that Ms. Strong was employed at the time of the trial by an attorney who formerly was employed by Chemical and who continued to be retained by the bank from time to time. She suggests that Ms. Strong was induced to

ignore the subpoena by her employer, who in turn acted to curry favor with, or even at the behest of, the bank or its counsel. (Martin Aff. at 34–36) None of the facts alleged by the plaintiff are grounds for Rule 60(b) relief.

While the Court is unaware of any justification for Ms. Strong's action and, indeed, was seriously troubled at the time by her apparent defiance of court process, Ms. Strong's action does not warrant relief. First, plaintiff's counsel did not seek a continuance or to enforce the subpoena.[1] Second, counsel read Ms. Strong's deposition into evidence, so her testimony was before the jury in any case. Third, Ms. Strong's testimony, which would have gone principally to her positive opinion of plaintiff's secretarial skills and her negative views of one or more of plaintiff's supervisors, was cumulative of other testimony offered on behalf of plaintiff. Fourth, plaintiff admits that during the trial she was aware of Ms. Strong's actions and the alleged actions of her employer in ordering her to refuse to obey the subpoena. Yet plaintiff failed to raise these issues during or immediately after trial, and waited months before filing this motion. Accordingly, plaintiff failed to preserve the point and, in any case, was not prejudiced.

### The Actions of Defendant and Its Counsel

Plaintiff makes an assortment of complaints about the actions of defendant and its counsel at trial, none of which has merit.

Her opening salvo is directed at Kenneth Kelly and Barbara Daniele, attorneys at Chemical for whom plaintiff formerly worked. She alleges that both testified falsely at trial.

■ The *post-judgment discovery by a defeated litigant of evidence establishing, clearly and convincingly, that the prevailing party gave false testimony which likely affected the result may provide a basis for vacating a judgment under Rule 60(b).* E.g., 11 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §§ 2860–61 (1995); see Clarkson Co. v. Shaheen, 544 F.2d 624, 631 (2d Cir. 1976) (requirement of clear and convincing proof). Where allegations of fraud, however, are unsubstantiated and merely an effort to relitigate the case, relief under Rule 60(b) must be denied. E.g., Mastini v. American Telephone & Telegraph Co., 369 F.2d 378, 379 (2d Cir.1966), cert. denied, 387 U.S. 933, 87 S.Ct. 2055, 18 L.Ed.2d 994 (1967).

■ Plaintiff claims that Ms. Daniele gave false testimony concerning a claim of age discrimination made against Chemical by one Joseph Goldenberg, that plaintiff was aware of the falsity of the testimony at the time, and that plaintiff was not permitted to impeach Ms. Daniele. (Martin Aff. at 8–9) It is far from clear what plaintiff is talking about. She does not specify anything Ms. Daniele said that allegedly was false. Nor does she indicate in what way she was prevented from impeaching Ms. Daniele. The Court recalls only that plaintiff's counsel elicited from Ms. Daniele at the start of cross-examination the fact that Mr. Goldenberg had been a Chemical employee and that his family had filed a discrimination claim against the bank after Mr. Goldenberg's death. The Court granted a defense motion to strike the reference to the discrimination claim.[2] The Court therefore does not recall any testimony by Ms. Daniele concerning Mr. Goldenberg that is inconsistent with the facts as plaintiff now claims them to be.

While plaintiff thus appears to be mistaken in her recollection of what actually transpired at trial, her application in this regard must be rejected for more fundamental reasons. Her papers make clear that plaintiff knew at the time of trial of the facts upon which she now bases her claim of perjury. If she failed to communicate them to her counsel, or if counsel failed to use that evidence, she cannot be heard to complain for reasons dis-

---

1. As the wilful disregard of a duly served subpoena constitutes contempt of court, Galella v. Onassis, 353 F.Supp. 196, 238–39 (S.D.N.Y.1972), aff'd without consideration of the point, 487 F.2d 986 (2d Cir.1973), counsel could have commenced contempt proceedings and, indeed, could have sought to have Ms. Strong arrested and brought before the Court, see 18 U.S.C. § 401(3); FED.R.CIV.P. 4.1(b).

2. As the minutes of the trial have not been transcribed, the Court relies upon its recollection of the trial.

cussed above. In any case, her application is no more than an impermissible attempt to retry the case on facts that were available to her at the time.

Plaintiff claims also that Kenneth Kelly falsely testified, before a racially mixed jury, that plaintiff had complained to him with respect to blacks employed in her department at Chemical. (Martin Aff. at 29–30) In fact, Kelly testified that plaintiff had said that other secretaries in the department, whom plaintiff allegedly referred to as "the black girls," did not like her and did not take her out to lunch. The Court does not recall whether Kelly claimed to have heard plaintiff make this statement or that he heard it from someone else. In either case, however, to the best of the Court's recollection, plaintiff's counsel never cross-examined with respect to that statement. Certainly plaintiff, who had testified before Mr. Kelly, never took the stand again to deny the statement. In these circumstances, she certainly would have no sufficient basis for vacating the judgment even if Mr. Kelly's testimony had been false.[3]

Plaintiff's grievances against defense counsel are manifold, which perhaps is understandable in light of the fact the defense tried the case on the theory, among others, that plaintiff was not an entirely stable person. The most pointed of plaintiff's complaints, however, is the assertion that defendant's counsel violated Magistrate Judge Bernikow's April 1990 order directing plaintiff to produce her medical records and limiting disclosure of those records, "at this time," to defendant's lead counsel and permitting broader disclosure only upon further order of the Court.[4] (Martin Aff. at 2–3, 15–17) She contends that counsel violated this order by eliciting evidence that plaintiff had cosmetic surgery four months after she left Chemical Bank. (Martin Aff. at 15).

The issue of plaintiff's cosmetic surgery arose because plaintiff claimed that she could not afford the tuition for a paralegal course she had taken at NYU and was rendered ineligible for reimbursement of her tuition by Chemical as a result of her termination. In order to demonstrate that plaintiff had the financial ability to pay for the course, Chemical sought to introduce evidence that plaintiff had undergone cosmetic surgery during the relevant time period and that the cost of the surgery exceeded the cost of the tuition.

Chemical contends that its use of this evidence was discussed at side bar in advance. As there is no transcript and the Court does not recall whether that is so, the Court will not rely on its assertion. Irrespective of whether there was such a side bar, however, all that Chemical did was to elicit on cross-examination the fact that plaintiff had cosmetic surgery in the period April through December 1988 and that it cost $1,800. Plaintiff cannot now complain that the evidence came in. Either she failed to object, in which case she has only herself (or her counsel) to blame, or the Court overruled the objection, in which case any error should have been the subject of an appeal. Moreover, the Court is persuaded that any problem in the respect claimed by plaintiff was entirely immaterial in the broad sweep of this trial.

*Conclusion*

The fundamental issue in this case was whether Chemical terminated plaintiff because her performance was unsatisfactory or, as plaintiff claims, because of her age. All of the key *dramatis personae* testified. The jury concluded that plaintiff's age was not a factor, a conclusion that was not beyond the bounds of reason even if considered only in light of the fact that plaintiff was hired no more than one year before she was terminated. The Court is persuaded that the plaintiff had a full and fair trial. The Court has considered all of plaintiff's arguments and concluded that none has sufficient merit to

---

3. Indeed, plaintiff's affidavit does not even directly deny that she made the statement reported by Mr. Kelly.

4. It is important to note that plaintiff's affidavit purports to quote, at page 16, from a direction by Magistrate Judge Bernikow. Not a scrap of the quoted language appears in the written order that plaintiff claims was violated. Rather, she appears to claim that Magistrate Judge Bernikow gave the quoted direction in a telephone conversation with Ms. Martin and one of defendant's counsel that occurred years ago.

warrant disturbing the judgment. Moreover, no satisfactory explanation has been offered for the long delay in making this motion, which the Court finds unreasonable. Accordingly, the motion is denied in all respects both on the merits and for untimeliness.

SO ORDERED.