# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

## No. 10-6062

_____

| | | |
|---|---|---|
| In re: Wayne Eugene Babb, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| American National Bank, | * | Appeal from the United States |
| | * | Bankruptcy Court for the Northern |
| Plaintiff – Appellee, | * | District of Iowa |
| | * | |
| v. | * | |
| | * | |
| Wayne Eugene Babb, | * | |
| | * | |
| Defendant – Appellant. | * | |

_____

Submitted: November 26, 2010
Filed: December 9, 2010

_____

Before KRESSEL, Chief Judge, SCHERMER and FEDERMAN, Bankruptcy Judges.

_____

KRESSEL, Chief Judge.

Eugene Babb appeals from an order of the bankruptcy court[1] entered on July 19, 2010 denying his Rule 60(b) motion for relief from the judgment entered on September 3, 2009.  We affirm.

## Standard of Review

"It is within the trial court's discretion to determine whether the Rule 60(b)(3) test has been met, and on review the only inquiry is whether there has been an abuse of discretion." *E.F. Hutton & Co. v. Berns,* 757 F.2d 215, 217 (8th Cir. 1985).

## BACKGROUND

Eugene Babb filed a chapter 7 bankruptcy petition on November 24, 2007. On March 6, 2008, American National Bank filed a complaint against Babb, alleging Babb's debt to it in the amount of $15,584.17 to be nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(B).  American National Bank alleged that Babb failed to fully list all of his debts on an application for a loan that he received from the bank on November 10, 2007 for a 2004 Ford F250 pickup.  The bank alleged that Babb's failure to fully list his debts and failure to make other disclosures were material misrepresentations, that the bank would not have made the loan to Babb had it known the full extent of his indebtedness and other relevant information, and that they justifiably relied on his misrepresentations.  The bank further alleged that Babb failed to timely turn over the auto title to the bank in order for it to record its lien, and that it would not have released its lien on his previous vehicle if it had not been for his misrepresentations.

The court held a trial on July 17, 2009.  Babb did not appear.  The only testimony received was that of the bank's sole witness, loan officer Steve Rippke. The bankruptcy court found Babb's debt to be nondischargeable under § 523(a)(2)(B).  Babb did not appeal from that order.  Instead, on January 26, 2010, Babb filed a motion requesting a Rule 60(b) hearing to determine whether he was entitled to relief from the judgment.  He alleged that the bank's witness, Rippke, lied to the court during the trial.  The court held a hearing on Babb's motion and allowed him to testify and to present the testimony of Brandy Brooks.  Although Babb's testimony and Brooks' testimony contradicted Rippke's on issues that were essential to the court's ruling, the court did not find that Rippke had lied.  The

---

[1]     The Hon. William L. Edmonds, United States Bankruptcy Judge for the Northern District of Iowa.

2

court found their testimony to be of equal weight, and concluded that Babb had not met his burden under the rule to "show by clear and convincing evidence that his opponent engaged in a fraud or misrepresentation that prevented [him] from fully and fairly presenting his case." *Greiner v. City of Champlin*, 152 F.3d 787, 789 (8th Cir. 1998).

Discussion

Fed. R. Civ. P. 60(b)(3), made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9024, provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: [. . .] fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." In *Greiner v. City of Champlin*, the Eighth Circuit discussed both Fed. R. Civ. P. 60(d)(3) [2] and Fed. R. Civ. P. 60(b)(3):

> **To prevail under Rule 60(b)(3), the movant must show by clear and convincing evidence that his opponent engaged in a fraud or misrepresentation that prevented the movant from fully and fairly presenting his case.** *See Atkinson v. Prudential Property Co.* 43 F.3d 367, 372-73 (8th Cir.1994). [. . .] Here, as in *Atkinson,* the evidence that was allegedly withheld could not have helped the movant if it had been available at the time of trial. Therefore, its absence did not deprive the movant of a fair trial. *See Atkinson,* 43 F.3d at 373; *Watkins v. Schriver,* 52 F.3d 769, 772 (8th Cir.1995).

*Greiner* at 789 (emphasis added). Proving fraud, misrepresentation or misconduct is not enough. "Under Rule 60(b)(3), [the appellant] was required to show that the appellees engaged in fraud or misrepresentation, *and* that it was prevented from fully and fairly litigating this case*." U.S. v. Metro. S. Louis Sewer Dist.*, 440 F.3d 930, 936 (8th Cir. 2006) (emphasis in original).

---

[2]     Fed. R. Civ. P. 60(d)(3) provides: "This rule does not limit a court's power to: [. . .] set aside a judgment for fraud on the court." *Greiner* was decided under Fed. R. Civ. P. 60(d)(3) rather than Fed. R. Civ. P. 60(b)(3) because the motion had been brought more than a year after the judgment was entered.

Even if we assume that the allegedly false testimony alone would satisfy the fraud, misrepresentation or misconduct prong under Rule 60(b)(3), the bankruptcy court found that the appellant had not presented clear and convincing evidence that the bank had presented false testimony. Babb argues that because his testimony and Brooks' testimony contradicted Rippke's, the court must conclude that someone lied. It is exceedingly common for witnesses to recall the same events and conversations differently, and the fact that several witnesses present conflicting testimony does not require a court to conclude that one of them is lying. The bankruptcy court is in the best position to judge the credibility of witnesses, and in this case, it was not convinced that Rippke had lied. Instead, the court found the witnesses' testimony to be of equal weight. We find no error with the court's determination.

Moreover, the appellant has not explained how the alleged fraud prevented him from fully and fairly litigating his case. He did not appear at the trial, although he had notice of it. The appellant had the opportunity to litigate his case, present his own evidence, and cross-examine the bank's witness. He lost that opportunity because of his failure to appear at the trial, not because of any alleged fraud on the part of the bank.

## CONCLUSION

Because we conclude that the bankruptcy court did not abuse its discretion, we affirm.

_____