RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18b0004p.06

# BANKRUPTCY APPELLATE PANEL

## OF THE SIXTH CIRCUIT

IN RE:  ROBERT A. PEACE, JR.,

*Debtor.*

KAREN   VANDE RYT;   JAMES   VANDE RYT;   JEFF
WINNINGHAM,

*Plaintiffs-Appellees,*

*v.*

ROBERT A. PEACE, JR.,

*Defendant-Appellant.*

No. 17-8013

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio at Cincinnati.
No. 13-10430; Adv. No. 13-1041—Jeffery P. Hopkins, Judge.

Decided and Filed:  March 15, 2018

Before:  DALES, HARRISON, and OPPERMAN, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ON BRIEF:**  Robert G. Kelly, Norwood, Ohio, for Appellant.

_____

**OPINION**

_____

DANIEL S. OPPERMAN, Chief Bankruptcy Appellate Panel Judge.  The Debtor, Robert
A. Peace, Jr., ("Peace"), appeals the bankruptcy court's order under Federal Rule of Civil
Procedure 60(b) denying his motion to set aside a judgment, finding that he owed a non-
dischargeable debt to Plaintiffs, James Vande Ryt ("JVR"), Karen Vande Ryt ("KVR") and Jeff

Winningham[1] ("JW," collectively "Appellees"). Because the Panel finds that the bankruptcy court did not abuse its discretion in denying Peace's motion, it affirms the decision of the bankruptcy court.

## JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Southern District of Ohio has authorized appeals to the Panel, and none of the parties elected to have this appeal heard by the district court. 28 U.S.C. § 158(b)(6), (c)(1). A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1484, 1497 (1989) (citations omitted). An order denying a motion for relief pursuant to Federal Rule of Civil Procedure 60(b) is a final order. *Slutsky v. Am. Express Travel Related Servs. Co.* (*In re William Cargile Contractor, Inc.*), 209 B.R. 435, 435–36 (B.A.P. 6th Cir. 1997).

The decision to grant or deny a motion pursuant to Rule 60(b) is within the discretion of the bankruptcy judge. *Bavey v. Powell* (*In re Baskett*), 219 B.R. 754, 757 (B.A.P. 6th Cir. 1998). Therefore, the bankruptcy judge's decision is reviewed on appeal for abuse of discretion. *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001). An abuse of discretion will be found when the reviewing court has a "definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Huey v. Stine*, 230 F.3d 226, 228 (6th Cir. 2000) (citations and internal quotation marks omitted). "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *Behlke v. Eisen (In re Behlke)*, 358 F.3d 429, 437 (6th Cir. 2004) (citation omitted).

---

[1]In the stipulated facts it appears that Jeff Winningham is mistakenly called James Winningham. This is not relevant to the appeal.

**FACTS**

In 2011, the Appellees filed a state court action against Peace alleging that Peace caused property damage when he interfered with the water flow to their property. The state court lawsuit was eventually stayed due to Peace's filing a chapter 7 bankruptcy petition, but not before the Appellees hired Craig Abercrombie ("Abercrombie") of Abercrombie & Associates, to provide an expert report (the "Expert Report") which was filed in the state court litigation. After Peace's bankruptcy filing, the Appellees filed an adversary proceeding under 11 U.S.C. § 523(a)(6) in the bankruptcy court from which this appeal emanates, alleging that Peace owed them a non-dischargeable debt due to property damage they had suffered due to Peace's interference with water flow to the property.

The following stipulated facts were submitted in the adversary proceeding:

1. JVR, KVR, and Plaintiff James Winningham (hereinafter "JW") were the Plaintiffs in Hamilton County Court of Common Pleas Case No. A0908683 filed against Defendant and Hester Peace. Said case was dismissed voluntarily by the Plaintiffs under Ohio Rule of Civil Procedure Rule 41(a) on or about August 30th, 2010.

2. JVR, KVR and JW were the Plaintiffs in Hamilton County Court of Common Pleas Case No. A1106579 filed against Defendant and Hester Peace. Said case was stayed by Defendant's Chapter 7 Bankruptcy filing.

3. JVR, KVR, JW, Defendant were all subject to depositions during the 2011 Common Pleas Case by their respective opposing counsels.

4. 4684 E. Miami River Road, Cleves, Ohio 45002 and 4692 E. Miami River Road, Cleves, Ohio 45002 are adjacent real estate parcels on E. Miami River Road. 4692 E. Miami River Road is located on the northern border of the 4684 Property line.

5. 4684 East Miami River Road, Cleves, Ohio has been valued by the Hamilton County Auditor from 1996 from September 20th, 2014. The auditor's value are defendant's Exhibit K.

6. No Complaints to Valuation have been filed with the Hamilton County Board of Revision since March 23rd, 2000 which resulted in the 09/17/2001 valuation.

7. 4684 E. Miami River Road, Cleves, Ohio is also adjacent on the eastern property line to the real estate parcel located at 8944 Buffalo Ridge Road, Cleves, Ohio 45002 which is owned by the Hamilton County Park District.

The eastern property line downward slopes into 4684 E. Miami River Road Parcel.

8. Plaintiff James Vande Ryt (hereinafter "JVR") was the Debtor in Chapter 7 Bankruptcy, Case No. 14-11098 which was filed on or about March 21st, 2014 and discharged by this Court on or about June 24th, 2014.

9. JVR listed an ownership interest in 4684 E. Miami River Road, Cleves, OH 45002 (hereinafter "4684 property") on Schedule A of his petition with a valuation of $145,000.00 and liabilities to Wells Fargo Bank for a mortgage on his Schedule D of $177,670.00.

10. JVR listed his intention to surrender the 4684 Property to Wells Fargo Bank in his statement of intention filed with his petition and he received a discharge of all personal liability of this mortgage through his bankruptcy.

11. JVR duly listed his foregoing interest in this Adversary Complaint on Schedules B and C of his petition and the Chapter 7 Trustee filed an abandonment of interest in this claim.

12. JVR acquired his interest in the 4684 Property through a General Warranty Deed from Plaintiff Karen Vande Ryt (hereinafter "KVR") recorded with the Hamilton County Recorder's Office on or about August 1st, 2007.

13. JVR purchased the 4684 Property from KVR for a purchase price of $145,000.00 on 8/1/2007.

14. JVR was also the Defendant in a foreclosure case filed by Wells Fargo Bank in Hamilton County Court of Common Pleas Case No. A1100232. (hereinafter "Foreclosure Case").

15. The Foreclosure Case concluded with the Sheriff Sale on or about September 18th, 2014 in which Wells Fargo, through bid assignment to Fannie Mae, for $94,000.00.

16. JVR owned the 4684 Property from August 1st, 2007 through September 18th, 2014.

17. JW is married to KVR.

18. JW lived with KVR at the 4684 Property from 1990 through October 2011.

19. JW never filed an insurance claim for any property damage loss during his time of residency with any homeowner's insurance policy.

20. KVR is married to JW.

21. KVR lived at the 4684 Property from 1990 through October 2011.

22. KVR owned the real estate, either individually or jointly, from May 1st, 1990 through August 1st, 2007.

23. KVR never filed any homeowner's insurance claim from 1990 through October 2011 for any loss on the property from the causes alleged in Plaintiff's Complaint.

24. Robert A. Peace, Jr. is the Defendant in this adversary proceeding.

25. Defendant is the son of Allan Peace with the same legal name, Robert Allan Peace.

26. Defendant took a 50% ownership interest with his now ex-wife Jamie L. Peace in 4692 East Miami River Road, Cleves, Ohio 45002 (hereinafter the "4692 Property") by virtue of a survivorship deed with Allan Peace and his wife Susan Peace recorded in the Hamilton County Recorder's Office on or about January 23rd, 2007.

27. Defendant moved onto the property in February 2007.

28. During the course of the state court litigation, Plaintiffs hired Craig Abercrombie of Abercrombie & Associates, 3377 Compton Road, Cincinnati, OH 45251 to provide an expert report. Said expert report was done on or about March 9th, 2012 and introduced in discovery in the 2011 State Court Litigation.

29. Craig Abercrombie is the qualified expert of the Plaintiffs in this matter. His March 9th, 2012 report is the only report prepared by the Plaintiffs. The March 9th, 2012 report contains no estimates as to the financial damages to the 4684 Property.

(Joint List of Stipulations, Adv. P. 13-1041 ECF. No. 49 (Feb. 3, 2015)).

Following a trial, the bankruptcy court entered judgment for Appellees. Peace filed an untimely notice of appeal. The Bankruptcy Appellate Panel dismissed his appeal for lack of jurisdiction on December 1, 2015.[2] On October 3, 2016, Peace filed a *pro se* Rule 60(b) motion for relief from judgment. On December 5, 2016, and again on December 14, 2016, Peace, now represented by an attorney, filed amended motions for relief from judgment.

In his motions, Peace asserts that relief should be granted pursuant to Rule 60(b)(1), (2), or (3). Peace argues that (i) the bankruptcy court's judgment is the result of a mistake because Appellees' expert witness, Abercrombie committed a fraud upon the court by giving false testimony, and (ii) that Peace's discovery of the fact that Abercrombie's data sources were non-existent was "new evidence" within the meaning of Rule 60(b)(2).

---

[2]BAP Case No. 15-8040.

The bankruptcy court entered its Order Denying Motion for Relief from Judgment on March 20, 2017, finding that because Peace had not filed the motion within the time for taking an appeal, Rule 60(b)(1) did not provide a basis for relief. The bankruptcy court also determined that Rule 60(b)(2) did not provide a basis for relief because Peace failed to show that his "newly discovered evidence" could not have been discovered with reasonable diligence. Likewise, the bankruptcy court held that Rule 60(b)(3) did not provide a basis for relief because there was no clear and convincing proof that Abercrombie's testimony was false. The bankruptcy court noted that Peace had not supported his motion with any sort of affidavit and that it appeared he was using the motion for relief in an attempt to re-litigate the case and as a substitute for an appeal.

Peace timely filed this appeal.

## PROCEDURAL HISTORY

Peace filed his appellate brief on August 7, 2017, with two attachments. The first is an affidavit of Abercrombie dated August 21, 2012 (the "Affidavit") that contains the state court caption as well as a cover sheet indicating that it was electronically filed with the state court on August 22, 2012. The second is the Expert Report dated March 9, 2012.

Appellees did not file an appeals brief. Instead, on September 13, 2017, they filed a Motion to Strike Attachments to Appellant's Brief. In the motion, they argue that because Peace had failed to attach any documents to his Rule 60(b) Motion before the bankruptcy court, he was prevented from doing so now, before the Panel. Appellees assert that no grounds exist under Federal Rule of Appellate Procedure 10[3] to justify allowing the attachments to be included in the record on appeal. Specifically, Appellees argue that the two attachments were part of the state court record filed prior to the bankruptcy case, and therefore should not be treated as "newly discovered evidence."

---

[3]Federal Rule of Appellate Procedure 10 is not applicable in bankruptcy appeals. However, Rule 8009 is virtually identical.

Peace filed a response to the Appellees' motion on October 18, 2017.[4] In his response he notes that one of the documents attached to his brief was Exhibit AA in the trial court record. The bankruptcy court docket indicates the admission of Exhibit AA, which was indeed Abercrombie's Expert Report.

## DISCUSSION

A. Motion to Strike

Neither of the documents attached to Peace's brief are included in the Designation of Record (Adv. P. 13-1041, ECF. No. 100). The Expert Report was part of the trial record, but there is no evidence that the Affidavit was submitted to the bankruptcy court. Peace has not articulated grounds for including these items in the record on appeal pursuant to Rule 8009(e). Because both documents are part of the record in the state court litigation (in which Peace participated as a party) neither can be considered "newly discovered" In the litigation before the bankruptcy court. Consequently, the Panel will not consider them and Appellees' Motion to Strike is granted.

B. Merits of Appeal

Rule 60(b), made applicable in bankruptcy cases by Rule 9024, provides as follows:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

---

[4]Peace initially filed a "Reply Brief" on September 28, 2017, however, the document was locked because no Appellee Brief had been filed. Peace was instructed to file a response to the motion.

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60.  Peace based his motion for relief on subsections (1), (2) and (3).

The bankruptcy court carefully considered Peace's motion and crafted a well-reasoned order denying it.  Peace's appellate brief does not address the bankruptcy court's ruling as to Rule 60(b)(1) and (2) other than a single sentence: "Discovery by the Appellant that Abercrombie's data sources were non-existent is new evidence within meaning of F. R. Civ. P. Rule 60(b)(2)."  Peace's brief does not adequately address this argument.  In its Order, the bankruptcy court described this same argument that Peace made in his motion as "perplexing." In the motion, Peace states that he "was unable to determine the falsity of Abercrombie's testimony at trial because the sources could not be determined at trial as Abercrombie never disclosed the sources of the maps he created until at trial."  (Motion at 5.)  As noted by the bankruptcy court, Peace's argument does not explain how this qualifies as newly discovered evidence within the meaning of Rule 60(b)(2).

The bankruptcy court spent the bulk of its order explaining its reason for holding that Rule 60(b)(3) does not provide a basis for relief.  Peace also spends the bulk of his brief explaining how Abercrombie's testimony is false.  The bankruptcy court fairly summarized Peace's arguments as follows:

According to the Motion, Abercrombie provided fraudulent evidence as follows:

1.      In creating Exhibit 1, Mr. Abercrombie failed to apply Geographic Information Systems ("GIS") data consistently (between different parcels and within the same parcel).  He applied GIS data from different years to different parcels and within the same parcel.

2.      Exhibit 1 suggests a 114 foot elevation change on the Uphill Property.  It is actually a 104 foot change.

3.      The number of lines on Exhibit 1 does not match the GIS map with respect to the Uphill Property.

4.      Exhibit 1's topography lines on all properties do not match any GIS topography data.

5.      Mr. Abercrombie testified that he used 2008, 2010, 2011, and 2012 GIS mapping.  There are no 2008, 2010, or 2012 GIS maps.

6.      Exhibit 1 uses 2001 GIS data to represent 2012 conditions.

7.      Exhibit 27A charts a fictitious side yard and a fictitious swale.

8.      Mr. Abercrombie lied when he said he measured the swale on the Uphill Property.

9.      Mr. Abercrombie lied when he said the property uphill was owned by a single person.

(Order Denying Motion for Relief from Judgment at 3-4, Adv. No. 13-1041, ECF No. 93 (March 20, 2017)).

Then the bankruptcy court held:

First, there is no clear and convincing proof that Mr. Abercrombie's evidence was false.  The Motion is not supported by the affidavit of an expert.  It is not even supported by unsworn allegations of an expert.  Instead, it is limited to the unsworn opinion of the [Peace] himself, who is not an expert.  *See Martin v. Chemical Bank*, 940 F. Supp. 56, 60 (S.D.N.Y. 1996)(relief from judgment is not warranted when allegations of false testimony are unsubstantiated and merely an effort to relitigate the case), *aff'd*, 129 F.3d 114 (2d Cir. 1997).

Second, [Peace] was not unable to meet the alleged fraud.  As mentioned previously, [Peace] had ample opportunity to depose Mr. Abercrombie and discover the information upon which he predicated his report, opinions, and any other evidence he would provide at trial.  Therefore, if Mr. Abercrombie misled the Court as suggested by [Peace], there is no excuse for [Peace's] inability to expose the fraud at trial.

Similarly, [Peace] chose not to retain his own expert for trial, which also would have exposed any fraud.  *See American Nat'l Bank v. Babb* (*In re Babb*), 440 B.R. 523, 526 (B.A.P. 8th Cir. 2010)(debtor failed to explain how alleged fraud prevented him from fully and fairly litigating his case where he had the opportunity to present his own evidence and cross-examine the creditor's witness).

Similar to *Martin*, the Court is left with the impression that [Peace] is using Rule 60(b) to relitigate the case.  *See also Info-Hold Inc.*, 538 F.3d at 454 ("Relief under Rule 60(b) is circumscribed by public policy favoring finality of judgment and termination of litigation.").  Similarly, the rule is not a substitute for an appeal.  *Gencorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007).

(Order Denying Motion for Relief from Judgment, Adv. No. 13-1041, ECF No. 93 (March 20, 2017)).

The bankruptcy court's holding is well-reasoned and supported by the record. Peace made substantially similar arguments to the bankruptcy court in his initial post-trial brief. After the initial judgment against him, Peace failed to timely file an appeal. The bankruptcy court acted well within its discretion in treating the Rule 60(b) Motion as simply an attempt to re-litigate the issues previously decided, and as in improper substitute for untimely appeal from the original judgment.

## CONCLUSION

The decision of the bankruptcy court is AFFIRMED.